Thiebaud, Trustee, *v.* Tait, Treasurer, *et al.*

---

No. 15,578.

THIEBAUD, TRUSTEE, *v.* TAIT, TREASURER, ET AL.

PRACTICE.—*Motion to Docket Cross-Complaint as Separate Action.— Bill of Exceptions.*—A motion by a plaintiff to docket a cross-complaint as a separate action is a collateral one, and must be brought into the record by a bill of exceptions.

SAME.—*Not Available Error to Refuse to Docket Cross-Complaint as Separate Action.*—It is not available error to overrule a motion to docket a cross-complaint as an independent action.

SAME.—*Intermediate Errors.— When Not Available for Reversal of Judgment.*—Intermediate errors are not available for reversal if the final judgment is right.

Thiebaud, Trustee, *v.* Tait, Treasurer, *et al.*

TAXES.—*Trustee.*—*Estoppel.*—*Personal Liability.*—*Irregular Levy.*—*Special Finding.*—*Conclusion of Law.*—A trustee who retains from money which it is his duty to pay to his beneficiary the amount of taxes which he represents is due upon the trust fund, is so far primarily chargeable with the taxes, and is estopped to deny that they were regularly levied, but a conclusion of law holding him personally liable for other unpaid taxes which the special finding does not show that he withheld upon settling with *cestui que trust* is erroneous.

SAME.—*Injunction Payment or Tender of Amount Due.*—Where a part of the taxes sought to be collected are due, a suit to enjoin the collection will not lie unless there is a payment of, or an offer to pay, the amount for which the plaintiff is liable.

From the Switzerland Circuit Court.

*W. R. Johnston* and *F. M. Griffith*, for appellant.

*W. D. Ward, J. A. VanOsdol* and *G. S. Pleasants*, for appellees.

McCABE, J.—The appellant alleges that the taxes levied against property held by him as trustee are illegal, and prays that their collection may be enjoined.

The first paragraph of the complaint alleges, among other things, that an assessment for taxes on personal property of the value of $3,800 was entered upon the duplicate by the treasurer, and not by the auditor, and that the assessment was not made by the assessor, as the law requires.

The allegations of the second paragraph are more specific than those of the first, but are of a similar character.

Tait, the treasurer, filed a counterclaim or cross-complaint, in which he alleges that Harriet E. Hull, the beneficiary in the trust vested in Thiebaud, and Charles Dufour, residuary legatee of the creator of the trust, were necessary parties, and asked that they be made parties to the suit. Mrs. Hull and Dufour appeared to the cross-complaint, and were thenceforward treated as parties in court.

A cross-complaint was filed by Mrs. Hull, which contains these allegations: That Charles A. Thiebaud, deceased, bequeathed to John L. Thiebaud, the plaintiff, in trust for her for life, money and demands to the amount of $3,800; that the will required the plaintiff to pay annually on the trust fund placed in his control "an amount equal to six per centum, less the taxes assessed thereon"; that the will provided that at the death of the cross-complainant the principal sum should go to her codefendant Charles Dufour; that the plaintiff accepted the trust and entered upon the discharge of the duties thereof under the will, and received the sum named as such trustee; that while acting as such trustee, taxes were illegally assessed against the trust fund; that the trustee, in his annual settlement with the cross-complainant, represented to her that such taxes were legal charges, and deducted the amount thereof from the annual income due her; that the trustee, although he retained the sum he represented was due for such taxes, never paid them in whole or in part.

The appellant's counsel moved, as the clerk's entries recite, to docket the cross-complaint as a separate suit, but there is no bill of exceptions in the record containing the motion or exceptions. It seems clear, under the rule declared by our decisions, that the motion is a collateral one requiring a bill of exceptions to bring it into the record. See authorities cited in Elliott's App. Proced., sections 190, 191, 192.

But, conceding that the question is well presented, there is no such error as will require a reversal for that cause, if, indeed, there is any error at all; for, whether there was one trial or the trials were separate, could not be prejudicial if the final result reached was right. The motion assumes that there is a cause of action stated in

the cross-complaint, and asks a trial of that cause of action as an independent proceeding, so that the utmost that can be claimed is that there was a trial of several causes of action in one proceeding, when there should have been separate trials of each cause of action. The case is strictly analogous to that of an error in permitting a misjoinder of causes of action. The concession of the motion that there was a cause of action requiring a trial is a tacit one, but it is quite as effective as an express one could be.

The important questions arise on the special findings, and, even if there were intermediate errors, there can be no reversal if the final judgment is right.

Where the record proper—and of that record the special finding is a part—fully shows that intermediate errors did not prejudicially affect the final result, such errors will not be regarded as sufficient to overthrow the judgment from which the appeal is prosecuted. See authorities cited in Elliott's App. Proced., sections 590, 635, 653.

So much of the special finding of facts as is material to the question in hand is as follows:

"1st. That in April, 1871, one Charles A. Thiebaud died testate, in Switzerland county, Indiana, leaving an estate.

"2d. By the terms of that will, the portion of his estate that might accrue under said will to his daughter, Harriet E. Dufour (who afterward intermarried with Hull), was vested in appellant, his son, John L. Thiebaud, in trust, to be by him judiciously invested to bring an income of six per cent., to be paid over to her annually during her life, and, at her death, said income and principal to be continued in charge of said son, as trustee, until the children of said Harriet shall become of age,

when said trustee or his successor shall pay over the sum total. * * *

"3d. That the said Harriet E. Hull is defendant herein, and that defendant herein, Charles Dufour, is her only child, and is now 25 years of age.

"4th. That the estate of Charles A. Thiebaud was finally settled on the —— day of ———, 1872, and then came into the hands of plaintiff from said estate $3,868.-98 as funds impressed with said trust, belonging to said Harriet and Charles Dufour.

"5th. That appellant commingled said trust fund with his own money and used it all in his own individual business, and never made any investment of said trust fund as a trust investment.

"6th. That said trustee has, at all times since said trust funds came to his hands, been a resident of the city of Vevay, Switzerland county, Indiana, and the amount of said trust funds were subject to taxation in said township and city for State, county, and city purposes, as they came into the hands of such trustee as money, and have never been invested as a trust fund, and he has, in his reports to the court, charged himself with $3,811.67 as principal of said trust fund; that it was adjudged, on exceptions to one of his reports by said *cestui que trust*, said Harriet, in 1885, by agreement, with the consent of the court, that there was a settlement of all back interest on said funds up to the 2d of March, 1885, and that he was to be charged with said trust funds as in money, and should pay six per cent. thereon annually to said Harriet E. Hull, less the taxes thereon.

"6½. That the taxes thereon have not been paid since 1879.

"7th. That in his settlement with said Harriet E. Hull, he has, since 1885, deducted from the annual interest of said fund for each year a sum equal to the State,

county, and city tax, which should have been assessed against said fund according to the rate of taxation for said several years; that all the interest except said sums so deducted as aforesaid, has been paid over to said Harriet E. Hull, up to the 2d day of March, 1889.

"8th. That the rate of taxation, as fixed by the proper authorities, is stated for each year from 1879 to 1888, both years inclusive, making the amount of tax that would accrue on said trust fund of $3,810:

| | | | | | |
|---|---|---|---|---|---|
| "For the | year | 1879 | ............... | $43 | 43 |
| " | " | " | 1880 ............... | 48 | 77 |
| " | " | " | 1881 ............... | 52 | 20 |
| " | " | " | 1882 ............... | 54 | 48 |
| " | " | " | 1883 ............... | 59 | 63 |
| " | " | " | 1884 ............... | 59 | 44 |
| " | " | " | 1885 ............... | 55 | 25 |
| " | " | " | 1886 ............... | 55 | 25 |
| " | " | " | 1887 ............... | 57 | 15 |
| " | " | " | 1888 ............... | 57 | 15 |

Total..........$542 75

And that the same is equitably due and owing to the county, and should have been paid by said John L. Thiebaud.

"10th. That said trust has not been managed in accordance with the directions in said will and law."

So much of the conclusions of law as are material are as follows:

"1st. That the plaintiff is not entitled to any relief on his complaint.

"2d. * * * Plaintiff is chargeable with interest on said trust fund in his hands, at six per cent. per annum, less the taxes of the State and county of each cur-

rent year in the city of Vevay, in Jefferson township, Switzerland county, Indiana.

"3d. That said John L. Thiebaud is liable primarily to pay the taxes to the county, to wit, $542.75, as he has retained from the interest on said trust fund in his settlements with said Harriet E. Hull.

"4th. That the trust estate has not been managed in accordance with the requirements of said will and the law in reference thereto.

"5th. That said trustee should be removed and required to account for said amount found in his hands, to wit: $3,811.67, and interest thereon from the 2d day of March, 1889, and file the receipts of the treasurer of the county for the taxes herein found due the county, and the taxes which the city of Vevay may have against said fund, which have been retained by said Thiebaud in his settlements with his *cestui que trust*, or on his failure to pay said taxes, then account in money for the said several sums, upon settlement of his said trust with this court." Dec. 13, 1889.

The decree is as follows: "It is, therefore, considered and adjudged by the court, that the defendant William Tait, treasurer of Switzerland county, Indiana, recover upon the second paragraph of his cross-complaint the sum of $542.75 as above found to be due for taxes, together with interest thereon from the 13th day of December, 1889, collectible without relief, etc., with costs, etc. It is further adjudged that said judgment for taxes shall be collected primarily from the individual property of said John L. Thiebaud, and if the same shall not realize a sum sufficient to pay the said judgment for taxes, the balance to be collected from the fund of said trust estate in his hands as such trustee. It is further considered and adjudged by the court, that the said John L. Thiebaud be, and he is, hereby removed from the exe-

cution of his trust as trustee of said Harriet H. Hull, and that he pay into court the sum of $3,811.67, and interest from the 2d day of March, 1889, less any amounts he may have paid out for taxes on said trust fund, or for the use and benefit of his said ward since said March 2, 1889, to be disposed of as the court may hereafter order and direct, and said Harriet E. Hull and Charles Dufour recover of plaintiff John L. Thiebaud their costs herein, etc.''

It will be seen by the special finding of facts, that the interest withheld by appellant from Mrs. Hull was deducted out of the interest that accrued for the years next following the year 1885, and the amount so withheld was an amount equal to the State, county, and city tax, which should have been assessed against said fund according to the rate of taxation for said several years. As the interest was to run from the 2d day of March, 1885, on the 2d day of March each year would be the time the annual interest for the year preceding would be due. The first settlement, therefore, after 1885, must have been made March 2, 1886; now whether the court meant that the tax for the year 1886 was deducted from the year's interest ending March 2, 1886, and so on for the subsequent years, is not made clear by the special finding. If that was the intention, then there could only be a recovery for an amount equal to the tax for three years, namely, for 1886, 1887 and 1888, because the finding fails to show what the tax for 1889 was.

But when we remember that the amount of taxes on such property can not be known for any particular year, as early as the 2d day of March of such year, because not assessed yet and spread on the duplicate, it must have been intended by the court, that when the interest falling due March 2, 1886, was paid, the tax for the preceding year, 1885, was deducted therefrom, and so on

through until the settlement of March 2, 1889, up to which time the special finding shows the interest had been paid less the taxes. Out of that year's interest the court must have intended to find that the taxes of 1888 had been deducted. That would be the taxes for the years from 1885 to 1888, both years inclusive were deducted from an equal number of years, interest; that is to say, the taxes for 1885 amounting to $55.25; for 1886, $55.25; for 1887, $57.15; for 1888, $57.15; making in all $224.80, were withheld from the interest due Mrs. Hull. To the extent of this amount, and no more, under the construction of the special finding most favorable to appellees, had appellant by his conduct estopped himself from questioning the validity of the tax, or his liability to pay the same. As to all the balance of the $542.75 to wit: $317.95, appellant could not be compelled to pay them, because it does not appear from the special finding that said taxes had been legally assessed and levied, or that he had done anything to estop him from denying the legality of said taxes or assessment prior to March 2, 1885. Nevertheless, if by the judgment recovering the whole of them by the treasurer against appellant trustee, they are to come out of the trust fund in the hands of the trustee, he would not be harmed, and, therefore, the error of permitting them to be so recovered would be harmless as to him; and as the only person complaining of the judgment on this appeal is such trustee, the error would be unavailable. Both beneficiaries in the trust fund, being all the persons interested therein, were made parties below, and are parties to this appeal, and are not complaining of the judgment.

But they had no ground to complain because a proper construction of the decree shows that the whole amount of taxes recovered is to be paid out of the individual means of the trustee, for which he is to receive no credit

in his accounting on the surrender of the trust. In *Fleenor* v. *Driskill*, 97 Ind. 27, at p. 33, this court said: "If the entry of a judgment be so obscure as not to express the final determination of the court with sufficient accuracy, reference may, and indeed ought to, be had to the pleadings, and the entire record, when construing the judgment." Citing Freeman Judg., section 45; *Foot* v. *Glover*, 4 Blackf. 313; *Finnagan* v. *Manchester*, 12 Iowa, 521; *Fowler* v. *Doyle*, 16 Iowa, 534; *Bell* v. *Massey*, 14 La. Ann. 831; *Hopper* v. *Lucas*, 86 Ind. 43.

When we recur to the conclusions of law, we find it there stated as the law arising on the facts found, that appellant is liable primarily to pay the taxes to the county, to wit, $542.75, and for mismanagement of the trust he should be removed and required to account for the principal of the fund, $3,811.67, and interest thereon from March 2, 1889, and file the receipts of the treasurer for the taxes herein found due, and the taxes which the city of Vevay may have against said fund, which have been retained by said Thiebaud in his settlements with his *cestui que trust*, or on his failure so to do, then account in money for said several sums.

This, it seems, means that the appellant is to pay into court the principal of the trust fund, $3,811.67, and interest thereon since march 2d, 1889, and, in addition thereto, it means that appellant, trustee, is required to pay the treasurer the taxes found due, to wit, $542.75, not out of the principal of the trust fund, or any interest thereon in his hands, but out of his own individual means, for which he is to receive no credit. This is evident because the language employed proceeds on the assumption that appellant has retained an amount equal to this sum out of the annual interest due his *cestui que trust* under pretense that the tax was valid, and that he had paid it, or would pay it. The decree following the conclu-

sions of law makes this view abundantly clear by requiring him to pay the judgment for taxes, $542.75, to the treasurer and file the receipts or pay it into court on his removal, along with the principal of "the trust fund, $3,811.67, and interest thereon since March 2d, 1889, less any amount he may have paid for taxes on said trust fund, or for the use and benefit of his ward" since that time.

As it does not appear from the special finding, that appellant withheld an amount of the interest due his *cestui que trust* for more than an amount equal to the last four years' taxes, amounting only to $224.80, on pretense of paying the same on said taxes, or that he did anything to estop himself from denying the validity of said taxes accruing prior to 1885, it follows that the conclusions of law and judgment holding appellant liable personally, out of his own individual means, to pay the whole $542.75, can not be sustained. As to whether the evidence does or does not prove that he retained the interest equal to the taxes prior to March 2d, 1885, or whether his conduct in relation thereto was such as to estop him from denying the legality of such tax, we intimate no opinion.

As to the amount of the interest equal to the taxes for the last four years, namely, $224.80, which the special finding shows appellant retained, he is estopped to deny his liability to pay the same to the treasurer, on the ground that the taxes had not been legally levied and assessed. As to that sum, the principles laid down in the former opinion (*Thiebaud* v. *Tait*, 31 N. E. Rep. 1052) in this case are strictly applicable. It was there said: "A trustee who retains from money which it is his duty to pay his beneficiary the amount of taxes which he represents is due upon the trust fund puts himself in such a position that equity will charge him primarily with the taxes, and will hold him estop-

ped to deny that such taxes were not regularly levied. Where a man wrongfully takes money which belongs to another, that other may hold him liable. This is rudimental law. Here the plaintiff did take money which belonged to the public revenues. It belonged there by his own representation, and he withheld it from his beneficiary upon the sole ground that he had paid it to those entitled to receive it. His representation that he had paid the taxes, although not true, shows that he knew the property was subject to taxation, and, knowing this, he knew that the money which he withheld from Mrs. Hull belonged to the public. We are not here dealing with a case where the property was exempt from taxation. If we were, there might, perhaps, be some difficulty in holding the appellant estopped to deny the validity of the special assessment; but, so far from dealing with such a case, we have here one in which the property was subject to assessment, and the only infirmity is that the taxes were assessed and placed upon the duplicate by the wrong public officer.

"The case is one in which there was a right to make an assessment. The property was justly subject to taxation, and, if the assessment had been made by the proper officer, collection of the taxes could have been coerced, even against persons who had not been guilty of fraud. There is not the slightest difficulty in applying the doctrine of estoppel to the appellant. He obtained the money he holds by his false representation, and by that representation he must abide. When it was ascertained that the appellant was endeavoring to escape taxation on money held as a trust fund by asserting that in paying taxes on his own real estate he had paid taxes on the trust property, the treasurer had a right to bring the beneficiaries into court, in order that all questions concerning the ownership of the property and its liability to taxation

might be determined in one suit. He was not bound to bring in such parties, but he had a right to do so, inasmuch as they were concerned in the property which was the subject of controversy.

"The case is a peculiar one. The plaintiff insisted by his complaint that the real estate on which he had paid taxes was trust property, and that the money was his own; while the treasurer discovered, as he believed, that the money belonged to the trust, and as such was subject to taxation, and that the real estate belonged to the plaintiff in his own right.

"The wrongful conduct of the plaintiff made it proper, if not necessary, to have all interested in the property in court, and he is not in a situation to successfully complain that they were made parties to the suit. As the parties were in court, it became necessary and proper to determine the whole controversy between all the parties. One great object of a suit is to put an end to a controversy concerning all the interests in the property involved in the dispute between the parties litigant.   *   *   *   It is a familiar principle of equity jurisprudence that, when a court of chancery obtains jurisdiction of a controversy for one purpose, it will retain it for all. *Feder* v. *Field*, 117 Ind. 386.''

From what we have said, it follows that appellant had, by his conduct, placed himself in an attitude rendering himself liable to pay to the appellee, treasurer, the sum of $224.80 on said taxes; and as his complaint sought to enjoin the whole of said taxes, to wit, $542.80, without paying or offering to pay the portion thereof for which he was liable, the appellant was not entitled to any relief on his complaint, and the conclusion of law to that effect was correct. *Brown* v. *Herron*, 59 Ind. 61; *Foresman* v. *Chase*, 68 Ind. 500; *Mullikin* v. *Reeves, Treas.*, 71 Ind. 281; *Board, etc.*, v. *Dailey*, 115 Ind. 360.

But that part of the conclusions of law which holds the appellant personally liable under the cross-complaint to pay the whole of the $542.75, or any more thereof than said sum of $224.80, is erroneous; and, in so far as said conclusions of law authorize the treasurer, under his cross-complaint, to recover any more of said taxes from appellant than said sum, they are erroneous.

Appellees' learned counsel, on the rehearing, have attempted to defend these conclusions of law on the sole ground that the terms of the will which imposed the trust on the appellant required him to pay all the taxes on the trust fund, out of his own individual means, if he could not make enough out of the trust fund over and above the 6 per cent. interest, which the will required him to pay over annually to the beneficiary in the trust; and that if he would escape the liability to pay such taxes out of his individual means, he must apply to the court to relieve him therefrom. No such suggestion was made on the first hearing, and the trial court made no such ruling, but ruled to the contrary. There is nothing in the will creating the trust that has the slightest bearing in that direction. It simply directs the trustee to judiciously invest the fund so as to bring an income of six per cent., which is to be paid over annually to said beneficiary. There is no room for such a construction of the trust created. The other conclusions of law are correct.

The judgment against appellant on his complaint, and the judgment against him on the cross-complaint of the appellee, Mrs. Hull, are affirmed, and the judgment against the appellant on the cross-complaint of the treasurer is reversed, the cause remanded, with instructions to the court below to grant appellant a new trial on the cross-complaint of said treasurer, and for further proceedings in accordance with this opinion.

Filed Feb. 20, 1894.