TOWN OF FLORA *v.* INDIANA SERVICE CORPORATION ET AL.

[No. 27,895.   Filed February 28, 1944.]

*A. D. Bishop,* of Flora, and *Scifres & Hollingsworth,* of Lebanon, for appellant.

*James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Ward Dildine,* and *Von Livingston,* all of Fort Wayne, and *Joseph T. Ives,* of Delphi, for appellees.

SHAKE, J.—Briefly, the history of this case is as follows:  Pursuant to a petition of the voters, the Board

of Trustees of the Town of Flora adopted a resolution to acquire by purchase or condemnation the electric utility property of the appellee Indiana Service Corporation. The voters of the town approved this action at a special election. The trustees then made an offer to purchase only a part of the property described in said resolution. This offer was rejected and the town instituted a condemnation proceeding. The appellees filed objections to the appointment of appraisers. There was a trial, resulting in the objections being overruled. Appraisers were appointed and an appeal to this court followed. The judgment was reversed with a specific mandate to the trial court "to vacate the order appointing appraisers and to sustain the appellants' objections." *Indiana Service Corporation* v. *Town of Flora* (1940), 218 Ind. 208, 31 N. E. (2d) 1015. Thereafter, the court below, acting pursuant to said mandate, entered a judgment to the effect that the objections made to the appointment of of appraisers "be, and the same are *in all things* sustained and that the plaintiff take nothing by its complaint herein." (Our italics.)

Subsequently, the trustees of the town made a new offer to purchase said utility property, which offer embraced all of the property described in the original declaratory resolution. This offer was likewise rejected and the appellant thereupon instituted a new action in condemnation. Objections to the appointment of appraisers were again filed by the appellees herein. There was a trial on a stipulation of facts, which resulted in a judgment in favor of the appellees, sustaining all of their said objections. The appellant moved for a new trial on the ground that the decision was contrary to law, which motion was overruled, and this appeal followed.

The proposition relied upon by the appellees in defense of the judgment in their favor, which is here being reviewed, is as follows: Under the statute by virtue of which the appellant has now twice sought to condemn the appellees' property, approval of the voters of the Town of Flora is an indispensable prerequisite. § 54-612, Burns' 1933, § 14029, Baldwin's 1934. Such approval was purportedly given, but the appellees asserted in their objections to the former proceedings, as well as in present action, that such election was not legally held. They now say, in addition, that the issue and fact of such illegality was finally adjudicated in their favor in the former condemnation proceeding when the court below decided that their objections in the first case were "in all things sustained." Reliance is placed upon the rule of law known as the doctrine of *res judicata*.

It is necessary that we have, on the outset, a clear understanding of the principles of law upon which appellees rest their case. There are two well defined branches of the rule of *res judicata*. The subject has often been confused by the loose use of descriptive terms. One branch of the subject deals with prior adjudication as a bar. Under it a cause of action finally determined between the parties on the merits by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except by way of review according to law. Such a judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties, or those in privity with them. Every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated. *Jordan* v. *Sisson* (1924), 82 Ind.

App. 128, 141 N. E. 881. This rule is perhaps best described as "estoppel by judgment."

The other branch of the subject applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the former adjudication of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suit, regardless of the identity of the causes of action, or the lack of it, in the two suits. When the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action. This branch of the subject may appropriately be described as "estoppel by verdict or finding." See *Charles E. Harding Co.* v. *Harding* (1933), 352 Ill. 417, 186 N. E. 152, 88 A. L. R. 563 (Ann. on p. 574).

In this connection it should be further observed that where a judgment may have been based upon either or any of two or more distinct facts, a party desiring to plead the judgment as an estoppel by verdict or finding upon the particular fact involved in a subsequent suit must show that it went upon that fact, or else the question will be open to a new contention. The estoppel of a judgment is only presumptively conclusive, when it appears that the judgment could not have been rendered without decid-

ing the particular matter brought in question. It is necessary to look to the complete record to ascertain what was the question in issue. *Dygert* v. *Dygert* (1891), 4 Ind. App. 276, 29 N. E. 490.

The ancient common-law method of perpetuating a judgment was by engrossing the entire proceedings, including the pleadings, orders and final disposition upon parchment. The judgment was evidenced by this roll. 34 C. J., Judgments, § 223 *et seq.* Our practice in this regard is regulated by statute. The pleadings in a cause are preserved in the office of the clerk. § 2-1052, Burns' 1933, § 157, Baldwin's 1934. The court proceedings are recorded in order books. § 4-324, Burns' 1933, § 1413, Baldwin's 1934. The clerk is required to keep a judgment docket in which is entered pertinent data with respect to each judgment rendered. § 2-2520, Burns' 1933, § 392, Baldwin's 1934. It is well established, however, that when any question arises as to the nature, character or effect of a judgment it is proper to look to the antecedent pleadings and orders. In *Fleenor* v. *Driskill* (1884), 97 Ind. 27, 33, it was said:

> "If the entry of a judgment be so obscure as not to express the final determination of the court with sufficient accuracy, reference may, and indeed ought to, be had to the pleadings, and the entire record, when construing the judgment."

To the same effect is *Thiebaud, Trustee* v. *Tait, Treasurer* (1894), 138 Ind. 238, 247, 36 N. E. 525.

When a judgment has been reviewed by an appellate court and the cause remanded, it is the duty of the lower court to comply with mandate and to obey the directions therein contained without variation. *Collins* v. *Seigal* (1938), 214 Ind. 206, 209, 14 N. E. (2d) 582, 583. The lower court has no dis-

cretion in such a matter and if it is in doubt as to the meaning of the mandate it should look to the accompanying opinion of the reviewing tribunal. *Union Trust Co.* v. *Curtis* (1917), 186 Ind. 516, 116 N. E. 916.

The cause of action now before us does not involve an application of the principles of estoppel by judgment, as above defined, because the subject-matter is different from that involved in the former suit. The present action is admittedly one for the condemnation of different property than that sought to be taken in the former proceeding. If, therefore, the appellees are entitled to prevail it must be on account of the applicability of the doctrine of the estoppel by verdict or finding, rather than by estoppel by judgment. Typical of estoppel by verdict or finding, as distinguished from estoppel by judgment, is the case of *Citizens Loan and Trust Co., Executor* v. *Sanders* (1934), 99 Ind. App. 77, 187 N. E. 396, here relied upon by the appellees. It was held in that case that a determination that certain parties were not cousins of a decedent was a binding adjudication of that fact in a subsequent proceeding between the same parties in the probate court to establish the same relationship as a basis of heirship.

With these principles in mind we come to a consideration of the precise question before us. The statute under which the appellees filed their objections to the appointment of appraisers in the first, as well as the second, suit, provides that such objections may be based upon lack of jurisdiction of the subject matter or of the person or "any other reason disclosed in the complaint or set up in such objections. Such objections shall be . . . separately stated and numbered. . . . If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal. . . ." § 3-1705, Burns' 1933, § 14065, Baldwin's 1934.

Separate and severable defenses may be joined in such written objections, any one of which, if well taken and established, is a sufficient answer to the complaint. Indeed, it appears from the record before us that the appellees' objections to the original complaint contained six such "separately stated and numbered" grounds, one of which was that the special election was invalid for reasons therein stated. Another charged that the offer made by the Board of Trustees of the town was for the purchase of only a part of the appellees' property authorized to be purchased by a declaratory resolution and the special election. The trial court made a general finding against the appellees on their said objections and entered an order appointing appraisers.

There is a stipulation before us to the effect that the only question presented to this court on the former appeal was the sufficiency of the town's offer to purchase the utility property. This court found and declared that the judgment should be reversed for the sole reason that it appeared without contradiction that the offer made by the Town of Flora was for the purchase of only a part of appellees' property, authorized to be acquired by the declaratory resolution of the Board of Trustees ratified by the voters at the special election. No mention was made, in the opinion, of the appellees' objection that the special election was invalid. The mandate appended to the opinion read: "The judgment is reversed, with directions to vacate the order appointing appraisers and to sustain the appellants' objections." *Indiana Service Corporation* v. *Town of Flora, supra.*

When the Carroll Circuit Court received the opinion and mandate of this court it ordered the same spread

of record and, as a part of the same entry, set aside its former order appointing appraisers, and adjudged that the appellee's objections were in all things sustained. The sole authority for that judgment was the mandate of this court and there is no basis for the contention that it also adjudicated that the special election of the Town of Flora was invalid.

In the present appeal the alleged legality of the election is briefed by appellant. Appellees in their answer brief do not discuss the subject. In oral argument counsel for appellees said that they were content to place the case on the principle of *res judicata,* and stated that if the decision on that question was against them we might treat their failure to answer appellant's propositions as to the legality of the election as abandoned. It is therefore unnecessary to discuss that question and in any further litigation the validity of the election must be conceded.

The judgment is reversed, with directions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 53 N. E. (2d) 161.