INDIANA SERVICE CORPORATION ET AL. *v.* TOWN OF FLORA.

[No. 28,035. Filed December 19, 1944. Rehearing denied January 11, 1945.]

*Barrett, Barrett & McNagny* and *Von E. Livingston,* of Ft. Wayne, and *Joseph T. Ives, of Delphi,* for appellants.

*A. D. Bishop,* of Flora and *Scifres & Hollingsworth,* of Lebanon, for appellee.

RICHMAN, J.—This is the third appeal in a proceeding by appellee to acquire public utility property owned and operated by the first named appellant and upon which the others have mortgages. The basic facts are disclosed in the former opinions: *Indiana Service Corp.* v. *Town of Flora* (1940), 218 Ind. 208, 31 N. E. (2d) 1015; *Town of Flora* v. *Indiana Service Corp.* (1944), 222 Ind. 253, 53 N. E. (2d) 161. After the last remand appellants were permitted to amend their objections to the complaint, there was a new trial in which all the evidence was stipulated, the objections were overruled and judgment entered appointing appraisers, followed by motion for a new trial which was overruled and then this appeal. Error is assigned in overruling the objections and the motion for a new trial. Appellants state their contentions as follows:

"First: The Town has not fulfilled the condition precedent of offering to purchase *the same property* which it seeks to condemn.

"Second: The Town is prohibited by the laws of the State of Indiana from condemning the local electric utility property of the Utility in the Town of Camden, and the fact that these proceedings include the utility property in the Town of Camden in the property sought to be condemned makes this condemnation fatally defective."

About four miles north of Flora is the incorporated Town of Camden. A transmission line enters the six mile zone surrounding Flora about two and one-half miles northeast of Camden and runs southwestardly to a point about 2,000 feet east of Camden where it feeds a substation from which electricity is delivered to Camden and its environs. A rural line 1,900 feet

long leading from this substation northward for some distance is strung on the poles carrying the transmission line. From the Camden substation the transmission line continues southwardly to a substation in Flora which feeds the lines in the town and the outlying rural area including the unincorporated town of Bringhurst. Between the two substations the transmission line is not tapped but rural lines attached to the Flora substation are strung on its poles.

It is stipulated that all of the lines south of the Camden substation are used and useful in serving Flora and its environs, which appellee calls the Flora system, and that the Camden substation and service lines leading therefrom are used and useful in serving Camden and its environs. By implication, at least, the Camden substation and its service lines are not used and useful in serving the Flora system though they are all within six miles of the Flora town limits.

At the election which authorized this proceeding the official ballot was as follows:

> "Shall the Town of Flora, Carroll County, Indiana, acquire by purchase and/or condemnation and operate the public utility electric local property, located in said Town and within six (6) miles of the corporate limits thereof, used and useful in furnishing the electric utility service to the Town of Flora and to the consumers in said Town and said adjacent territory, which said electric utility local property is now owned by Indiana Service Corporation, pursuant to a resolution adopted by the Board of Trustees of the Town of Flora, Indiana?"

In the present appeal this ballot is construed by appellants as authorizing the intended acquisition of every item of appellants' property within six miles of Flora provided it is used and useful in serving any

consumer within that area. Such they say, is the import of the words "and said adjacent territory" in the ballot. They admit that this is a strict construction but deny that it is too narrow saying it is justified by certain language quoted from *Great Western Nat. Gas and Oil Company* v. *Hawkins* (1903), 30 Ind. App. 557, 562, 66 N. E. 765. The quotation deals with the construction of "the instrument of appropriation" in eminent domain proceedings. May we remind appellants that this is not such a proceeding. When Indiana Service Corporation accepted its indeterminate permit it agreed to sell to the Town of Flora its property in the Town and within six miles thereof. § 54-606, Burns' 1933, § 14023, Baldwin's 1934. The property is not being appropriated by the "very high and dangerous" power of eminent domain but is being purchased in compliance with a contractual obligation for which this appellant received from the State of Indiana a valuable franchise. The present proceeding involves only the designation of the property desired and the price for its purchase. Under the original statute, Chapter 76 of the Acts of 1913, these details were determined by the Public Service Commission subject to court review. The method provided by amendment, § 54-612, Burns' 1933, § 14029, Baldwin's 1934, is use of the eminent domain act. This section expressly recognizes the right of the parties to agree upon a price which by implication includes the right to agree upon the description of the property which is the subject of the sale. Under these circumstances the rule of strict construction relied on by appellants has no application. The reasonable intent of the parties must be determined not merely by the language of the ballot but in the light of the factual situation and the statutory provisions, as interpreted by the court, as to what

must and what may not be purchased by the town. The opinion in the first appeal did not declare any more rigid rule. It was therein said:

"An effort to purchase the property sought to be acquired is a condition precedent to the right to maintain an action to condemn. . . . There can be no compliance with this requirement unless the subject of negotiation is clear to both parties, since a meeting of the minds is essential to the existence of a valid contract."

We cannot believe that the officers of this utility have not at all times known what the town was seeking to acquire, namely, so much of appellants' property as would give the town an adequate system and no more. The first offer expressly excluded the Flora substation which we declared "was an integral part of the system." By the same token the Camden substation is an integral part of the Camden system and is not necessary to the operation of the Flora utility. Because the first offer was too restrictive, not too broad, we remanded the case. There was no contention then made, although the same ballot controlled, that the town was endeavoring to take too much property.

After the remand a new offer was made. It contains a general clause followed by specific enumeration of all the lines south of the Camden substation, but does not include the transmission line north thereof, the substation itself or any of the lines fed therefrom. The general clause reads as follows:

"The Town of Flora, Indiana, hereby makes you the following offer for your electric public utility distribution system property used and useful for furnishing electric public utility service to the Town of Flora, Indiana, and to electric consumers in said Town, and to the adjacent consumers connected to the extensions of the local distribution system."

This language is appellee's conception of what it was authorized by the election to buy and is obligated under our first opinion to take. The ballot and the offer are not in the same phraseology but we think they have substantially the same meaning and would be so understood by reasonable persons endeavoring to agree upon the price. The word "local" appears twice in the ballot. Local to what? Obviously, not to Camden, but to the Town of Flora, for only its citizens were voting. Emphasis is given by the position of the word in the first phrase, "the public utility electric *local* property." What it signified to appellee is made clear by the second offer. Appellants must have had the same understanding in the first trial for the evidence stipulated did not include what we have called the Camden system. This is now explained as "inadvertent," but the explanation is not persuasive.

It is not contended that the part of the transmission line which has the double purpose of serving the Camden and the Flora substations was intended to be authorized by the election, could be acquired if authorized, is now sought by appellee or that appellants have any misunderstanding with respect thereto. We shall not presume that any one concerned thought appellee could or intended to buy the property in Camden in the face of statutory denial of that right. The one rural line outside of Camden and leading from its substation, if acquired by appellee, would necessitate an agreement for use of appellants' poles on which it is strung. It is properly a part of the Camden system and we should be permitting "the tail to wag the dog" if we let its presence in the six mile zone turn this decision.

Judgment affirmed.

Note.—Reported in 58 N. E. (2d) 343,