NICHOLS *v.* YATER.

[No. 969A167. Filed May 14, 1970. Rehearing denied June 15, 1970.
Transfer denied September 29, 1970.]

*Paul H. Frazier,* Indianapolis, for appellant.

*Glenn E. Davis, Kitley, Schreckengast & Davis,* Beech Grove, for appellee.

HOFFMAN, P.J.—This appeal arose from the entry of a summary judgment in favor of appellee.

The facts material to our consideration are not in dispute and present the following situation. In September of 1966, appellant and appellee were involved in an automobile accident. Subsequently, on March 8, 1967, appellant filed two complaints—one for property damages, and one for personal injuries. The rhetorical paragraphs alleging negligence on the part of the defendant were exactly the same, and the only distinction between the two complaints were the injuries complained of and the damages sought. Each was assigned a separate cause number.

On March 28, 1967, answers in denial were filed in both causes.

In May of 1968, a jury trial was held on the complaint for

property damages, and on May 29, 1968, the jury returned the following verdict:

"We, the jury, find for the defendant and against the plaintiff on the plaintiff's complaint."

On October 21, 1968, the defendant-appellee filed a motion for summary judgment directed to the action for personal injuries, which is the subject of this appeal.

Appellee, in his brief in support of motion for summary judgment, argued that the determination on the issue of negligence in the first trial is *res judicata* as to the second action on the same issue.

The trial court agreed and, following arguments of counsel, summary judgment was entered in favor of the defendant-appellee. This appeal followed.

Appellant's sole assignment of error is the granting of appellee's motion for summary judgment by the trial court.

Appellant argues that a cause of action for property damages and a cause of action for personal injuries growing out of the same negligent act constitute two independent and separate causes, so that a trial on the merits of one will not bar a subsequent trial on the second. In support of this position, appellant cites *Public Service Co. of Ind.* v. *Dalbey,* 119 Ind. App. 405, 85 N. E. 2d 368 (1949), (Transfer denied).

In *Dalbey,* following a gas explosion, appellee had recovered $1,000 from his insurer. He made an assignment to his insurer of his property damage claim and, subsequently, the insurer commenced an action to recover on this claim. In the meantime, the appellee commenced an action for his personal injuries. In view of this fact situation, the court, at 417 of 119 Ind. App., 373 of 85 N. E. 2d, framed the issue as follows:

"The question presented here is, whether one who suffered both personal injuries and property damage by reason of a single negligent act, and who assigned his property damage claim against the tort-feasor to a third person who prose-

cutes an action thereon against the tort-feasor, can prosecute an action to recover damages for his personal injuries arising out of the same accident.

"Can we treat the property damage claim and the personal injury claim as separate causes of action?"

The court then answered its own question as follows:

"We think an injury to person and an injury to property, resulting from the same tortious act, gives rights to two causes of action, and that appellee, as a result of the personal injuries received and the damages done to the house and furnishings had two separate causes of action—one, for personal injuries and one for property damage." *Ibid.* at 420, 374.

Left unanswered, however, is the question of the effect of a judgment on the merits in one of the "two separate causes of action", on the same issue or issues in the second.

There are a number of reasons why the "two causes of action" theory is valid. Several of these were noted by this court in the *Dalbey* case:

"Our legislature has recognized a distinction between the right to recover for injuries to property and those to the person. The statute of limitation for the filing of actions in personal injury cases is 2 years. Burns' 1946 Replacement, § 2-602. The statute of limitation for the filing of an action to personal property is 6 years. Burns' 1946 Replacement, § 2-601.

"Actions for personal injuries do not survive the person injured, but the right of action for damages to personal property survives the person entitled to such action. Burns' 1946 Replacement, § 2-403; *City of Seymour* v. *Cummins, Administratrix* (1889), 119 Ind. 148, 21 N. E. 549." *Ibid.* at 420, 374.

The precise problem here involved is not the question of whether or not there are two causes of action. The question is the effect of a decision and judgment on the merits of an issue in one cause of action which is the same issue between the same parties in a subsequent cause of action.

In *Citizens Loan & Trust Co., Exr.* v. *Sanders,* 99 Ind. App. 77, at 81-82, 187 N. E. 396, at 398 (1934), (Transfer denied), this court noted the following rule relative to the application of *res judicata*:

> "The principle of law invoked by the appellants is fundamentally one of *res adjudicata.* It is that branch or division of the doctrine of *res adjudicata* commonly referred to by text writers and courts as 'Estoppel by Judgment,' 'Estoppel by Verdict,' or 'Conclusiveness of Verdict.' That rule is— 'When any fact, question or issue has been decided by a final judgment of a court of competent jurisdiction to determine such fact, question, or issue, all parties are forever bound by such determination in a subsequent suit or suits between the same parties or their privies, in the same or any other court, whether the causes of the action or subject matter are the same or different.' The reason for the rule is that all litigation should have a timely end. The repose of society and the security of titles require that solemn judgments of courts be respected. The interests of clients themselves are served by the salutary rule recognized by the courts of all civilized nations that a matter once litigated is forever litigated."

We must conclude that while the rule in *Dalbey* would appear to be undermined, to a degree, there is no reason, express or implied, to overlook the accepted rules relative to *res judicata* as stated in *Citizens Loan.*

In the instant case, on exactly the same allegations of negligence, between the same parties, a verdict was rendered and a judgment was entered. We must protect the integrity of that judgment. To permit otherwise would be to open the door to the possibility of opposite results by two different juries on the same set of facts.

We would point out that the determination that defendant-appellee was not negligent was dispositive of the entire question in the second case since such a finding precluded any consideration of the issue of damages. However, had the jury reached the opposite result in the first case, the rules we have reviewed here would work to the distinct advantage of the ap-

pellant. The issue of negligence would be *res judicata* and the only question left to determine would be damages.

Summary judgment was the appropriate method of handling what was essentially a question of law and we must affirm that judgment.

Judgment affirmed.

Pfaff, Sharp and White, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 66.