ILLINOIS CENTRAL GULF RAILROAD
COMPANY and Robert L. Waltrip,
Appellants-Defendants,

v.

Jessie L. PARKS, Appellee-Plaintiff.

No. 1–678A1480.

Court of Appeals of Indiana,
First District.

June 25, 1979.

Rehearing Denied July 31, 1979.

Robert H. Hahn, Evansville, for appellant-defendant Illinois Central Gulf Railroad Company; Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel.

Glenn A. Grampp, James D. Lopp, Sr., James D. Lopp, Jr., Evansville, for appellee-plaintiff; Lopp, Lopp & Grampp, Evansville, of counsel.

LYBROOK, Judge.

Pursuant to the trial court's certification under Ind.Rules of Procedure, Appellate Rule 4(B)(5)(a) and (b), Illinois Central Gulf Railroad appeals from an interlocutory order of the Warrick Circuit Court, alleging that the trial court erred in ruling: 1) that a final judgment rendered on the merits in

Posey Circuit Court between the same parties was not *res judicata* in the case at bar; and 2) that the final judgment in Posey Circuit Court did not constitute an adjudication of appellee Jessie L. Park's contributory negligence in this action.

We affirm.

This action is a companion case to *Illinois Central Gulf Railroad Co., Robert L. Waltrip v. Bertha Fay Parks, Jessie L. Parks*, (1979) Ind.App., 390 N.E.2d 1073, also affirmed this day by this court and to which we will make reference in our disposition of the case at bar.

The facts and the procedural postures of the two causes are as follows: Bertha and Jessie were injured on March 2, 1975, when the automobile which Jessie was driving and in which Bertha was a passenger collided with a train operated by Illinois Central Gulf under the direction of Engineer Robert L. Waltrip. Mr. and Mrs. Parks filed two complaints in Vanderburgh Superior Court, naming Illinois Central Gulf and Waltrip as defendants in each and requesting a change of venue in each. The companion case, in which Bertha prayed for damages for her personal injuries and Jessie prayed for damages for loss of Bertha's services and consortium because of her personal injuries, was venued to Posey Circuit Court. This case, in which Jessie prayed for damages for his personal injuries, was venued to Warrick Circuit Court.

On June 3, 1977, judgment was entered in the companion case in Posey Circuit Court after a jury verdict as follows:

"We, the jury, find for the plaintiff Bertha Fay Parks, in her action for personal injury and against the defendant, Illinois Central Gulf Railroad Company in the amount of Thirty Thousand Dollars ($30,-000.00). We find for the defendant Robert L. Waltrip."

We, the jury, find for the defendants and against the plaintiff, Jessie L. Parks, in his action for loss of services and consortium and expenses." [1]

On January 31, 1978, the defendants in the case at bar filed a motion for summary judgment under Trial Rule 56. Jessie did likewise on February 8, 1978. On June 14, 1978, the trial court entered the interlocutory order at issue here, concluding that:

"1. The judgment rendered in the Posey Circuit Court action in favor of Bertha Faye [sic] Parks adjudicated the negligence of the defendant, Illinois Central Gulf Railroad Company and under the doctrine of res judicata or collateral estoppel the defendant, Illinois Central Gulf Railroad Company is estopped to deny its negligence herein.

2. The judgment rendered in the Posey Circuit Court action in favor of Bertha Faye [sic] Parks adjudicated the negligence of the defendant, Robert L. Waltrip, and under the doctrine of res judicata or collateral estoppel the plaintiff herein is estopped to assert negligence on the part of the defendant, Robert L. Waltrip.

3. The judgment rendered in the Posey Circuit Court in favor of the defendant, Illinois Central Gulf Railroad Company and against the plaintiff Jessie L. Parks, does not constitute an adjudication of the alleged contributory negligence of the plaintiff, Jessie L. Parks, in this action."

Pursuant to T.R. 56(D), the trial court ordered:

"[T]hat the following facts are without substantial controversy and upon trial shall be deemed to be established:

1. The defendant, Illinois Central Gulf Railroad Company was guilty of negligence which proximately caused the accident.

---

1. See the companion case for a discussion of an amendment to the pleadings which resulted in Bertha's medical expenses going to the jury as an element of her prayer for damages and not as an element of Jessie's prayer for damages. The trial court apparently inadvertently failed to amend the language of the verdict forms

presented by Court's Instruction No. 7F to conform with this amendment in the pleadings and in the instruction on the elements of Jessie's alleged damages. Therefore, we attach no significance to the inclusion of the phrase "and expenses" in the second paragraph of the verdict.

2. The defendant, Robert L. Waltrip, was not guilty of negligence which proximately caused the accident.

The Court further orders that the issues to be determined at the trial of this cause will be whether the plaintiff was guilty of contributory negligence, whether the contributory negligence of the plaintiff proximately contributed to the accident, injuries and damages complained of and whether plaintiff sustained injuries and damages.

The motion for summary judgment for the defendant, Illinois Central Gulf Railroad Company is overruled."

This appeal by Illinois Central Gulf followed.

We begin, as did the railroad in its brief to this court, with the definitive and often-quoted statement on the law of *res judicata* in this state from the opinion of Judge Shake in *Town of Flora v. Indiana Service Corporation*, (1944) 222 Ind. 253, 256–57, 53 N.E.2d 161, 163:

"There are two well defined branches of the rule of *res judicata*. The subject has often been confused by the loose use of descriptive terms. One branch of the subject deals with prior adjudication as a bar. Under it a cause of action finally determined between the parties on the merits by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except by way of review according to law. Such a judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties, or those in privity with them. Every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated. [Citation omitted.] This rule is perhaps best described as 'estoppel by judgment.'

The other branch of the subject applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the former adjudication of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suit, regardless of the identity of the causes of action, or the lack of it, in the two suits. When the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action. This branch of the subject may appropriately be described as 'estoppel by verdict or finding.' [Citations omitted.]"

Illinois Central Gulf's first allegation of error is an attempt to apply estoppel by judgment in the case at bar, but the railroad concedes its own argument by admitting that Jessie's cause of action for loss of services and consortium as a derivative of Bertha's personal injuries is a distinct cause of action from Jessie's claim for damages for his own personal injuries. *See Nichols v. Yater*, (1970) 147 Ind.App. 29, 258 N.E.2d 66; *Public Service Co. of Indiana v. Dalbey*, (1949) 119 Ind.App. 405, 85 N.E.2d 368.

Estoppel by judgment precludes the relitigation of a *cause of action* finally determined between the parties, and decrees that a judgment rendered is a complete bar to any subsequent action on *the same claim or cause of action*. Jessie's cause of action in the case at bar is a different cause of action from the one he litigated in the companion case; therefore, estoppel by judgment does not apply.

Estoppel by verdict, however, does apply. Using Judge Shake's terminology, the causes of action are not the same but, if the case at bar were to go to trial on all the issues raised in the pleadings and answer, some facts or questions determined and adjudicated in the companion case would

again be put in issue in this subsequent action between the same parties.

To protect the integrity of the prior judgment by precluding the possibility of opposite results by two different juries on the same set of facts, *Nichols, supra,* the doctrine of estoppel by verdict allows the judgment in the prior action to operate as an estoppel as to those facts or questions actually litigated and determined in the prior action. The problem at hand, then, is to determine what facts or questions were actually litigated and determined in the companion case.

We agree with three concessions made by Illinois Central Gulf as to the effect of the verdict in the prior case: 1) that the verdict in favor of Bertha established, among other things, that the railroad was negligent and that its negligence was a proximate cause of the accident and Bertha's injuries; 2) that, inasmuch as Jessie's action for loss of services and consortium was derivative, if Jessie sustained any such loss it was proximately caused by the railroad's negligence; and 3) that, in order for the jury to have returned a verdict against Jessie, it had to have decided that he either sustained no damages or that his own negligence was a proximate cause of his damages.

This third proposition places upon the railroad the heavy burden outlined by Judge Shake in *Flora, supra,* 222 Ind. at 257–58, 53 N.E.2d at 163:

> "[W]here a judgment may have been based upon either or any of two or more distinct facts, a party desiring to plead the judgment as an estoppel by verdict or finding upon the particular fact involved in a subsequent suit must show that it went upon that fact, or else the question will be open to a new contention. The estoppel of a judgment is only presumptively conclusive, when it appears that the judgment could not have been rendered without deciding the particular matter brought in question. It is necessary to look to the complete record to ascertain what was the question in issue."

The railroad argues that, because Jessie's evidence as to his loss of services and con-

sortium was uncontroverted, the jury's verdict had to be based upon a finding of contributory negligence. Illinois Central Gulf made this same argument in the companion case in relation to a related issue and Jessie countered, as he does here, with his contention that, although the evidence was uncontroverted, it was minimal and, thus, could have caused the jury to find no compensable damages. We reviewed the complete record in the companion case and held that the jury verdict against Jessie in that cause could mean that he had failed his burden of proving compensable damages. While our opinion in the companion case may be consulted for our analysis of this issue, we would point out that our perusal of the complete record in that case fulfills Judge Shake's directive to us in this case.

█ We hold that Illinois Central Gulf has failed its burden of showing that the judgment against Jessie in the prior action could not have been rendered without deciding that Jessie was contributorily negligent in the accident which precipitated the two lawsuits. Consequently, the trial court was correct in granting partial summary judgment estopping the railroad from denying its negligence and in limiting the issues at trial to whether Jessie was contributorily negligent, whether any such contributory negligence was a proximate cause of the accident, and whether Jessie sustained personal injuries and compensable damages.

Just such a result was foreseen in *Nichols, supra,* a less complex case than the one at bar because only one plaintiff was involved. There, plaintiff and defendant were involved in an automobile accident. Plaintiff filed two complaints, one for property damages and one for personal injuries. A jury trial was held on the complaint for property damages with a verdict for the defendant and against the plaintiff on the plaintiff's complaint.

The defendant filed a motion for summary judgment in the action for personal injuries. The motion was granted, based on a finding that the determination on the issue of negligence in the first action was *res*

*judicata* as to the same issue in the second action. We affirmed this action of the trial court as a proper application of the doctrine of estoppel by verdict and noted in *Nichols, supra,* 147 Ind.App., at 32–33, 258 N.E.2d at 68:

> "[T]he determination that defendant-appellee was not negligent was dispositive of the entire question in the second case since such a finding precluded any consideration of the issue of damages. However, had the jury reached the opposite result in the first case, the rules we have reviewed here would work to the distinct advantage of the appellant. The issue of negligence would be *res judicata* and the only question left to determine would be damages."

Finding no error in the trial court's interlocutory order, we affirm.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.