In re Andrew Lawrence KAYE, Debtor.

Daniel L. FREELAND,
Trustee, Plaintiff,

v.

Andrew Lawrence KAYE, Blanche I. Kaye, Eden Plaza Bank, Northern Indiana Bank and Trust Company, Inc., Ferdinand J. Maryinelli and Andrew L. Kuchaiski, Defendants.

Bankruptcy No. 84–60193.
Adv. No. 86–6060.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Sept. 3, 1987.

B. Burchett, East Chicago, Ind., for Eden Plaza Bank.

G. Gouveia, Merrillville, Ind., for Andrew and Blanche Kaye.

T. Kline, Highland, Ind., for Daniel L. Freeland, Trustee.

## ORDER DENYING SUMMARY JUDGMENT

FRANCIS G. CONRAD, Bankruptcy Judge.*

The Trustee has filed a complaint to avoid the transfer of real property under 11 U.S.C. § 544(b) and for the return of the property or its value to the estate.

During the pendency of this proceeding several motions have been filed, including a motion to dismiss filed by Kaye, a summary judgment motion by Eden, and a cross-motion for summary judgment filed by the Trustee.

Kayes' motion for dismissal has not been set for hearing. Eden's summary judgment motion was granted on August 17, 1987 and it was dismissed from the proceeding. To be decided by us is the Trustee's cross-motion for summary judgment.

The Trustee's motion is footed in collateral estoppel. The Trustee asserts that because his action is based on State law,

*Sitting by special designation

the Kayes are collaterally estopped from denying that Andrew Kaye fraudulently conveyed real property to himself and his wife since a prior State Court action had determined it to be so conveyed. The Kayes disagree, but have filed no written memorandum in opposition.

## FACTS

On March 14, 1982 Eden obtained an Indiana collection judgment against Andrew Kaye. The judgment was based on an Illinois judgment against Andrew Kaye, dated July 21, 1981. On December 24, 1981, during the pendency of the Eden litigation against him, Andrew Kaye caused the conveyance of the subject real estate from the trust form of ownership to himself and his spouse, Blanche Kaye, as tenants by entireties. The subject real property was initially held in a trust with Andrew Kaye as the sole beneficiary.

During 1982, Northern Indiana Bank and Trust Company, Inc. filed an action for foreclosure of a first mortgage on the real property against Andrew and Blanche Kaye in the Porter County Indiana Superior Court. Eden was a named defendant and it filed a cross-claim against Kaye. A trial on the foreclosure action and the cross-claim was held January 18, 1984. Before judgment, however, Debtor filed his voluntary petition for relief under 11 U.S. C. § 101, *et seq.* on February 16, 1984.

A judgment Order on the cross-claim was entered by the Porter County Indiana Superior Court on May 14, 1984, *nunc pro tunc* to January 10, 1984. The judgment in favor of Eden stated, in essence, that the conveyance from the trust to Andrew and Blanche Kaye as tenants by the entirety with respect to Eden was null and void. This Order, however, violated the automatic stay, 11 U.S.C. § 362, because it issued during the pendency of this bankruptcy.

Judge Vandivier, in an Order of this Court on a motion for relief from stay, recognized the violation of § 362, but because the ownership characterization of the real property held by Kayes was important

to the administration of this case, he abstained from making any determination. Instead, he modified the automatic stay to allow the Porter County Indiana Superior Court to continue to hear the foreclosure action and cross-complaint to a conclusion.

On September 6, 1985 the litigation in the Porter County Indiana Superior Court was concluded in favor of Eden. Eden filed a report of conclusion of litigation and a copy of the judgment of the Porter County Indiana Superior Court which stated in relevant part:

> "It is THEREFORE, ADJUDGED AND DECREED, that the conveyance purportedly creating tenancy by the entirety be held null and void with *respect to Eden Plaza Bank.*"

Judgment, September 6, 1985, page 2 (emphasis ours).

In a related lien avoidance matter within this case, Chief Judge Lindquist, relying on the September 6, 1985 judgment of the State Court, found the property owned by the Kayes "not held as a tenancy by the entireties at least in respect of the Edens (sic)." See Order Denying Motion to Avoid Judicial Lien, entered January 27, 1986.

The issue[1] for us to decide is whether the judgment of the Porter County Indiana Superior Court may be used affirmatively by the Trustee in his § 544(b)[2] action. We hold that he may not.

The issue raised by the summary judgment motion is whether the Trustee may affirmatively use that ancient equitable doctrine of *res judicata* against Kaye. It compels us to enter a miasmic land where vapors of punctuation and limited holdings obscure the scyllaea and the charybdis.

There are two sides to *res judicata:* claim preclusion and issue preclusion. On the claim preclusion side of *res judicata,* "a final judgment on the merits bars further claims by parties or their privies[3] based on the same cause of action." *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767, 5 BCD 226 (1979), citing, *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen,* 442 U.S. at 131, 99 S.Ct. at 2209, 5 B.C.D., at 228. It encourages reliance on judicial decisions. *Id.,* 442 U.S. at 131, 99 S.Ct. at 2209, 5 B.C.D. at 228. See also *Town of Flora v. Indiana Service Corp.,* 222 Ind. 253, 53 N.E.2d 161 (1944).

The issue preclusion side of *res judicata* is commonly referred to as "collateral estoppel." It usually arises in a different action between the same parties or those in privity with them. Privity is the conditional mutuality rule long held by the Courts of Indiana. See *Dayton v. Fisher,* 34 Ind. 356 (1870). The rule has been eroded in recent years, particularly in Federal Courts, See *Zdanok v. Glidden Co., Durkee Famous*

---

**1.** Sometime during the pendency of this bankruptcy, Northern Indiana Bank and Trust Company, Inc. assigned its mortgage to Andrew L. Kuchaiski, a defendant in this proceeding. Issues involving Kuchaiski are before this Court on other motions brought by the Trustee.

**2.** 11 U.S.C. § 544(b) states: "The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

    The applicable Indiana law is: **32–2–1–14 Fraudulent conveyances or assignments.** "All conveyances or assignments, in writing or otherwise, of any estate in lands, or of goods or things in action, every charge upon lands, goods or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered with the intent to hinder, delay or defraud creditors or other persons of their lawful damages, forfeitures, debts or demands, shall be void as to the persons sought to be defrauded." Ind.Code Ann.West, 1979, Supp. 1987.

**3.** Privies—There is no generally prevailing definition of privity which can be automatically applied to all cases involving the conclusiveness of a judgment. It may be said that such privity involves a person so identified in interest with another that he represents the same legal right. See 30 Am.Jur. 954, Judgments § 227. In Indiana a privity is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. *T.R. v. A.W.,* 470 N.E.2d 95 (Ind.App.1984).

*Foods Div.*, 327 F.2d 944 (2nd Cir.) cert. denied 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed. 2d 298 (1964) (Court approved the offensive use of collateral estoppel, absent mutuality; See Generally, Annotation, *Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment*, 31 ALR.3d 1044, but has not been overturned by the Indiana Courts. Since the Trustee's action is based on State law and not on bankruptcy law, we hold the substantive law of Indiana must apply to this action.[4] This being so, we hold he cannot use the Porter County Indiana Superior Court judgment affirmatively in his § 544(b) complaint.

While the adversary proceeding before us involves the same legal issue as that resolved by the State Court judgment granting Eden judgment on its cross-complaint, it does not involve the same parties. The State Court found the conveyance was fraudulent as to Eden and no other party. It did not void the property transfer in toto, but only to Eden.

The Indiana Courts have held that for collateral estoppel to apply it is necessary to show that:

1) The former judgment must have been rendered by a Court of competent jurisdiction.

2) The former judgment must have been rendered on the merits.

3) The matter now in issue was, or might have been, determined in the former suit.

4) The controversy adjudicated in the former action must have been between parties to the present case or their privies.

See *T.R. v. A.W.*, 470 N.E.2d 95 (Ind.App. 1984); *Williams v. Williams*, 427 N.E.2d 727 (Ind.App.1981); *Glass v. Continental Assur. Co.*, 415 N.E.2d 126 (Ind.App.1981).

The Trustee does not satisfy requirement Number 4 of the *T.R.* Court, he is not in privity to Eden. Stated another way, if Kaye had prevailed in the County Court, we don't believe the Trustee would have been bound by the judgment. There is no mutuality, and thus, the Trustee's motion must fail.

Accordingly,

It is ORDERED that the Trustee's motion for summary judgment is DENIED, and it is FURTHER ORDERED that a hearing on the Debtor's motion to dismiss and a Final Pre-trial be held on the 12th day of November, 1987, at Gary, Indiana at 9:00 o'clock A.M.

---

**4.** The Trustee's action arises under 11 U.S.C. § 544(b) and his power as a hypothetical lien creditor and the representative of the estate. If the prior litigation has been brought in Federal Court, the Federal rule of *res judicata* would apply. *See In the Matter of Energy Cooperative, Inc.*, 814 F.2d 1226 (7th Cir.1987). *Compare Thibodeau v. Foremost Ins. Co.*, 605 F.Supp. 653 (N.D.Ind.1985) (recognizing that State law controls applicability of *res judicata* or collateral estoppel in nondiversity action where prior judgment involved issues of State law).