FIREMEN'S FUND
INSURANCE COMPANY

v.

William and Priscilla O'NEILL.

No. 88–64–Appeal.

Supreme Court of Rhode Island.

Nov. 3, 1988.

Robert J. Quigley, Jr., Higgins, Cavanagh & Cooney, Providence, for plaintiff.

Ronald J. Resmini, Ronald J. Resmini Ltd., Providence, for defendants.

OPINION

PER CURIAM.

On October 18, 1988, the litigants in this dispute appeared before a panel of this court to show cause why the defendants' appeal from a grant of the plaintiff's motion for summary judgment by a Superior Court justice should not be summarily sustained.

In June 1983 William and Priscilla O'Neill were injured when the moped on which they were riding was involved in a collision with a hit-and-run vehicle. The collision occurred on Block Island. Subsequently they filed suit in the United States District Court for the District of Rhode Island, alleging that George Millikian was the operator of the vehicle that caused their injuries. Millikian denied that he was the operator of the hit-and-run vehicle. After a trial, a jury returned a verdict in favor of Millikian. The O'Neills then sought compensation from their insurer, Fireman's Fund, pursuant to their uninsured-motorist coverage. The O'Neills filed a demand for arbitration, and Fireman's Fund brought a declaratory-judgment action in Superior Court and moved for a summary judgment. A Superior Court justice granted Fireman's motion, finding that the prior federal action was "res judicata/collateral estoppel with respect to the instant action."

Fireman's Fund argues that the O'Neills were barred from bringing this suit by the judgment in favor of Millikian. Fireman's

Fund claims that in this type of suit an insurer stands in the shoes of the uninsured motorist and if the uninsured motorist is not liable to the injured party, neither is the insured.

The O'Neills contend that they were the victims of a phantom driver and consequently are entitled to seek uninsured-motorist benefits.

Fireman's Fund's reliance on res judicata is misplaced. The bar of res judicata comes into play only when there is an identity of parties and issues, and a final judgment has been entered. *Hebert v. Ventetuolo*, 480 A.2d 403, 405 (R.I.1984). The parties in the federal litigation were the O'Neills and Millikian. The present dispute concerns the O'Neills and Fireman's Fund. Since an identity of parties does not exist, res judicata cannot apply.

The prerequisites for the application of collateral estoppel are an identity of issues, a final judgment on the merits, and proof that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action. *Providence Teachers Union, Local 958 v. McGovern*, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974). Here there is no doubt that a final judgment has been entered and that the O'Neills were a party to the prior action. In the federal litigation the issue was whether Millikian caused the collision that resulted in the O'Neills' injuries. The issue in the present dispute between the O'Neills and their insurer is whether the O'Neills are entitled to the uninsured-motorist benefits pursuant to Fireman's Fund's policy.

Fireman's Fund suggests that the general verdict in the federal court implies that all issues were decided in favor of Millikian. If this proposition is accepted, then the issue of whether Millikian was the operator of the vehicle that caused the O'Neills' injuries must have been resolved in his favor. If Millikian was not the driver, then the O'Neills might well have been the victims of a so-called phantom hit-and-run driver. Thus, they may be entitled to uninsured-motorist benefits by this court's ruling in *Su v. Kemper Ins. Companies*, 431 A.2d 416 (R.I.1981).

Fireman's Fund also contends that the O'Neills in the past have consistently identified Millikian as the operator of the hit-and-run vehicle. But in seeking uninsured-motorist benefits, the O'Neills are claiming that the operator of the second vehicle was unknown. Although this inconsistency may be brought out when the O'Neills' claim comes on for a hearing, the inconsistency, in and of itself, does not constitute a bar to the O'Neills' seeking relief under the *Su* doctrine.

Consequently the O'Neills' appeal is sustained. The judgment is vacated, and the case is remanded to the Superior Court for further proceedings.

KELLEHER and MURRAY, JJ., did not participate.