**Thomas J. SULLIVAN, Appellant,**
**(Plaintiff below)**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and State Farm Mutual Insurance Company, Appellees. (Defendants below)**

No. 30S04–9212–CV–1022.

Supreme Court of Indiana.

Dec. 22, 1992.

Charles T. Jennings, Jennings & Maas, Carmel, for appellant Thomas J. Sullivan.

Richard S. Ewing, William N. Ivers, Stewart & Irwin, Indianapolis, for appellee American Cas. Ins. Co. of Reading, Pa.

John D. Cochran, Jr., Young, Cochran & Reese, Indianapolis, for appellee State Farm Mut. Ins. Co.

ON PETITIONS TO TRANSFER

KRAHULIK, Justice.

This case concerns the defensive use of collateral estoppel in uninsured motorist litigation.[1] Thomas J. Sullivan (Appellant–Plaintiff below) and American Casualty Company of Reading, Pennsylvania, ("American Casualty") (Appellee–Defendant below) seek transfer after the Court of Appeals affirmed the entry of summary

---

1. This case involves both uninsured and underinsured motorist insurance claims. However, because the distinction is not relevant to the issues, our reference to "uninsured" motorist coverage includes the underinsured motorist claim.

judgment in favor of State Farm Mutual Insurance Company ("State Farm") (Appellee–Defendant below) on all of Sullivan's claims, and in favor of American Casualty on one of Sullivan's claims. *Sullivan v. American Casualty Co.* (1991), Ind.App., 582 N.E.2d 890. In affirming the trial court's entry of summary judgment in favor of State Farm and American Casualty on all claims, we address the following issues:

(1) Whether Sullivan is collaterally estopped from relitigating the issue of the negligence of Vehicle No. 1;

(2) Whether American Casualty is entitled to summary judgment on Sullivan's claim involving Vehicle No. 2; and

(3) Whether American Casualty is entitled to summary judgment on Sullivan's claim for punitive damages.

### Facts

On January 12, 1984, Sullivan suffered personal injuries in a traffic accident. The accident occurred when a semi-tractor truck driven by Lynn Walker ("Vehicle No. 1") struck the rear of an automobile operated by Jon Edwards ("Vehicle No. 2") which was stopped for a red light behind the automobile in which Sullivan was a passenger. The force of the collision caused Vehicle No. 2 to strike the rear of Sullivan's automobile. At the time, Sullivan was on business for his employer.

Vehicle No. 1 had liability insurance in the amount of $500,000 per occurrence, but the carrier was declared insolvent in 1985. Vehicle No. 2 had liability insurance in the amount of $25,000 per person and $50,000 per occurrence, but the alleged value of Sullivan's injuries exceeded these limits. Sullivan had uninsured motorist coverage as part of a personal policy issued by State Farm in the amount of $15,000 per person and $30,000 per occurrence. Sullivan's employer had uninsured motorist coverage issued by American Casualty in the amount of $500,000 per occurrence.

Sullivan sued Vehicle No. 1 and Vehicle No. 2 for negligence (the "negligence action"). Shortly before trial commenced in the negligence action, Vehicle No. 1 offered Sullivan $450,000 to settle the claim. That offer was rejected. Ultimately, the jury returned a verdict in favor of Vehicle No. 1. That judgment was affirmed in *Sullivan v. Fairmont Homes, Inc.* (1989), Ind. App., 543 N.E.2d 1130. In addition, during the trial, Sullivan entered into an agreed judgment with Vehicle No. 2 for $1,600,000. This judgment was subject to a loan receipt agreement pursuant to which Vehicle No. 2 advanced Sullivan $12,500 and Sullivan agreed to show a satisfaction of the agreed judgment. The judgment docket reflects that a satisfaction of the agreed judgment was filed on May 18, 1989.

While the negligence action was pending, Sullivan notified State Farm and American Casualty of his intent to assert uninsured motorist claims. The failure to have those claims resolved led to Sullivan filing this lawsuit in 1988.[2] Both American Casualty and State Farm moved for summary judgment. With respect to Vehicle No. 1, American Casualty and State Farm argued that Sullivan was collaterally estopped by the judgment in the negligence action from relitigating the issue of Vehicle No. 1's fault. With respect to Vehicle No. 2, the insurance companies argued that Sullivan was estopped by the satisfaction of the agreed judgment from litigating the issue of the fault of Vehicle No. 2. Therefore, because Sullivan was not legally entitled to recover damages from the uninsured motorists, neither State Farm nor American Casualty were obligated to pay uninsured motorist benefits. The trial court granted both motions.

Sullivan appealed. The Court of Appeals affirmed the entry of summary judgment in favor of State Farm and American Casualty with respect to Sullivan's claims involving Vehicle No. 1. 582 N.E.2d at 898. Sullivan seeks transfer from this holding. The Court of Appeals reversed summary judgment in favor of American Casualty

---

**2.** Sullivan filed suit against American Casualty because it had neither accepted nor denied Sullivan's uninsured motorist claim. The trial court permitted State Farm to intervene.

with respect to Sullivan's claim involving Vehicle No. 2 because the court concluded that American Casualty had waived its right to claim that Sullivan was not legally entitled to recover. *Id.* at 896.[3] Finally, the Court determined that there were material issues of fact precluding summary judgment on Sullivan's claim against American Casualty for punitive damages. *Id.* at 898. American Casualty seeks transfer from these holdings.

### Collateral Estoppel

■ Sullivan argues that Indiana precedent requires both privity and mutuality before collateral estoppel applies, and encourages us to retain those requirements. Although it is true that historically Indiana has required identity of parties and mutuality of estoppel as prerequisites to the operation of collateral estoppel, the modern view recognized by the majority of states has eliminated these requirements. Today, we join that majority.

■ Sullivan's argument requires us, as a similar claim did Judge Buchanan, to visit "the miasmic land of *res judicata* where historic marsh vapors obscure concepts and semantic footing is slippery." *State v. Speidel* (1979), 181 Ind.App. 448, 451, 392 N.E.2d 1172, 1174. Sullivan first argues that the judgment in the negligence action was not *res judicata* as to the claims in this action. Sullivan is correct. The term *res judicata* is the term describing the situation where a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim or demand. *Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 256, 53 N.E.2d 161, 163. This rule is still recognized in Indiana, *Chemco Transport, Inc. v. Conn* (1988), Ind., 527 N.E.2d 179, and across the country. *See generally Jeremy C. Moore et al.,* 1B *Moore's Federal Practice* ¶ 0.405 (2d ed.1992) (hereinafter *Moore's*). *Res judicata* does not apply

here because this subsequent action is not between the same parties on the same claim.

■ Collateral estoppel is a concept related to *res judicata*.[4] Generally, collateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit. In that situation, the first adjudication will be held conclusive even if the second action is on a different claim. *Moore's* at ¶ 0.441[2]; *Town of Flora,* 222 Ind. at 257, 53 N.E.2d at 163. Traditionally, Indiana has required identity of parties and mutuality of estoppel before collateral estoppel may be invoked. *Tobin v. McClellan* (1947), 225 Ind. 335, 344, 73 N.E.2d 679, 683; *Town of Flora,* 222 Ind. at 257, 53 N.E.2d at 163; *Dayton v. Fisher* (1870), 34 Ind. 356, 358. The rule of mutuality refers to the requirement that "one taking advantage of the prior adjudication would have been bound had the prior judgment gone the other way." *State v. Speidel,* 181 Ind.App. at 456, 392 N.E.2d at 1177. "Identity of parties" has generally meant that the party to be bound by a prior adjudication must be the same as or in privity with the party in the prior action. *Id.,* 181 Ind.App. at 454, 392 N.E.2d at 1176. Thus, in Indiana, a stranger to the judgment, one who is neither a party nor in privity with a party to the prior judgment, has not been permitted to take advantage of collateral estoppel in a subsequent action. *Id.* The requirements of mutuality and identity of parties have been questioned in recent years by Indiana appellate courts. *See, e.g., Hockett v. Breunig* (1988), Ind.App., 526 N.E.2d 995, 1000 (concurring opinion of Judge Shields); *Board of Com'rs. of Benton Co. v. Whistler* (1983), Ind.App., 455 N.E.2d 1149, 1156; *Glass v. Continental Assurance Co.* (1981), Ind.App., 415 N.E.2d 126, 128; *State v. Speidel,* 181 Ind.App. at 454, 392 N.E.2d at 1179.

---

**3.** The Court of Appeals affirmed the entry of summary judgment in favor of State Farm with respect to Vehicle No. 2. Sullivan does not contest this decision.

**4.** Indiana courts have also used the term "estoppel by verdict" or "estoppel by finding." *Town of Flora,* 222 Ind. at 257, 53 N.E.2d at 163.

The modern rule has dispensed with the rigid requirements of mutuality and identity of parties. Instead, the prime consideration is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel. *See Moore's* at ¶ 0.441[2]. *See also* cases collected in E.H. Schopler, Annotation, *Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment*, 31 A.L.R.3d 1044 (1970 & Supp. 1992). For example, in *Blonder–Tongue Labs, Inc. v. Univ. of Ill. Foundation* (1971), 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, defendants to a patent infringement suit argued that plaintiffs should be collaterally estopped from prosecuting the present action where the patent had already been found invalid in a previous infringement case. The United States Supreme Court approved abandonment of the mutuality requirement for defensive use of collateral estoppel. The Court noted that because the plaintiff had had a full and fair opportunity to litigate the issue in the first lawsuit, it would not be unfair to limit the relitigation of the same issues in the second lawsuit. The *Restatement (Second) of Judgments* §§ 28 & 29 (1982) also has recognized that mutuality and identity of parties is no longer required.

Against this authority, Sullivan argues that eliminating the need for mutuality and identity of parties in this instance will result in conflicts of interest between the insured and the insurer. We do not agree. Defensive use of collateral estoppel will not force the insured to join the insurer in negligence actions against the tortfeasors. As in the past, plaintiffs will continue to have the option to join the uninsured motorist and the insurer in a single action or to sue them in separate actions, depending upon the circumstances of each case. Because plaintiffs have always had that option, any ethical dilemmas in cases where the insured is joined already exist. In any event, no conflict existed here because American Casualty was not required to defend any party in the negligence action.

Similarly, although Sullivan asserts otherwise, we perceive no increased administrative difficulties for the trial court when defensive use of collateral estoppel is allowed.

Sullivan also argues that our decision in *Chemco Transport, Inc. v. Conn* (1988), Ind., 527 N.E.2d 179, demonstrates this Court's continued commitment to retaining the old requirements for the application of collateral estoppel. In *Chemco*, the insured was involved in a motor vehicle accident and recovered $43,000 from his insurance company for property damage to his tractor and for partial loss of its use. Thereafter, the insured filed suit against the tortfeasor to recover for property damage to the tractor, loss of its use, and personal injuries. Meanwhile, the insurance company also filed suit against the same tortfeasor asserting a right of subrogation arising out of its $43,000 payment to the insured. This subrogation action was settled and dismissed with prejudice. The tortfeasor then moved for summary judgment in the personal injury suit filed by the insured claiming that the dismissal of the subrogation action was *res judicata* on the insured's claims of property damage and loss of use. We concluded that the insured's personal injury action was not barred because the insured was not directly interested in the subject matter of the subrogation action and had no right to control the prosecution of that action. We held that the trial court properly found that the insured had the right to pursue his full damages against the tortfeasor with the corresponding right of set off for the amount paid by the insurer to the insured. *Chemco* is distinguishable from the fact situation here because, as we noted in *Chemco*, the party *against* whom estoppel was asserted, the insured, had no opportunity to participate in the prior action. Thus, it would have been unfair to have bound the insured by the subrogation settlement. Here, however, Sullivan is the party against whom collateral estoppel is being asserted. As a party to the negligence action, Sullivan had every opportunity to participate in that proceeding.

Finally, Sullivan relies on authority from Louisiana, Missouri, and Rhode Island in support for his argument against allowing the use of collateral estoppel here. Sullivan cites *Doyle v. State Farm Mutual Ins. Co.* (1982), La., 414 So.2d 763; *Oates v. Safeco Ins. Co.* (1979), Mo., 583 S.W.2d 713; and *Fireman's Fund Ins. Co. v. O'Neill* (1988), R.I., 549 A.2d 1020. These cases are not persuasive because none of them involved an adverse judgment on an issue of negligence filed by an insured against an uninsured motorist. In *Doyle*, the insured obtained a judgment in his favor. In *Oates*, the insured dismissed the claim against the uninsured motorist prior to judgment. In *O'Neill*, the judgment against the insured did not necessarily decide the issue of negligence because of the facts of that particular case.

We are persuaded that mutuality of estoppel and identity of parties should no longer be required for the defensive use of collateral estoppel, and we adopt the modern rule. Having decided that mutuality of estoppel and identity of parties is no longer required for the defensive use of collateral estoppel, we turn to the facts of this case to determine whether the use of collateral estoppel was appropriate. In doing so, we determine what the first judgment decided and then examine how that determination bears on the second case. *Webb v. State* (1983), Ind., 453 N.E.2d 180, 183, *cert. den.* 465 U.S. 1081, 104 S.Ct. 1449, 79 L.Ed.2d 767.

### *Claim Against Vehicle No. 1*

■ The parties agree that if Sullivan is "legally entitled to recover damages" from Vehicle No. 1, then he would be entitled to uninsured motorist coverage benefits provided that he fulfilled other policy requirements not at issue here.[5] Indiana law does not require an insured to obtain a judgment against an uninsured motorist before recovering uninsured motorist benefits. *Allied Fidelity Ins. Co. v. Lamb* (1977), Ind.App., 361 N.E.2d 174, 180. The insured may sue the uninsured tortfeasor or proceed directly against his insurance carrier, but in either case must establish that the tortfeasor was answerable in negligence to him. *Ivy v. Massachusetts Bay Ins. Co.* (1991), Ind.App., 569 N.E.2d 692, 694; *Town & Country Mut. Ins. Co. v. Hunter* (1984), Ind.App., 472 N.E.2d 1265, 1269.

■ Here, Sullivan chose to proceed against Vehicle No. 1 first. Sullivan sued Vehicle No. 1 in negligence alleging duty, breach of duty, proximate cause, injury and damages. The jury's verdict in favor of Vehicle No. 1 necessarily means that Sullivan failed to prove one or more of the required elements. Consequently, Vehicle No. 1 was not liable to Sullivan in negligence and, therefore, Sullivan was not "legally entitled to recover" from Vehicle No. 1. Clearly, the issue decided in the negligence action—whether Vehicle No. 1 was negligent with respect to Sullivan—is identical to the one presented in the present action. Equally clear is the fact that Sullivan was given a full and fair opportunity to prosecute Vehicle No. 1's negligence. The judgment in the negligence action was a final judgment on the merits against Sullivan. Sullivan appealed the judgment and lost. We find no reason why Sullivan should be allowed to have another opportunity to prove that Vehicle No. 1 was negligent.

This case was resolved in the trial court by summary judgment. Summary judgment is appropriate only if the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) show "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." T.R. 56(C). Once the movant shows entitlement to summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E).

Recently, we stated the standard of reviewing the propriety of summary judgment on appeal. We said that summary

---

5. The policies of insurance involved here provided uninsured motorist coverage if Sullivan was "legally entitled to recover" damages from the uninsured motorist. No one contests that Sullivan was an insured for purposes of the coverage and that Vehicle No. 1 was uninsured.

judgments, like all trial court judgments, are clothed with the presumption of validity. *Department of Rev. v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. The reviewing court faces the same issues that were before the trial court and follows the same process. *Id.* The party appealing from the grant of summary judgment has the burden of persuading the appellate tribunal that the grant of summary judgment was erroneous. *Id.* The trial court's determination is "carefully scrutinized to assure that the non-prevailing party is not improperly prevented from having his day in court." *Id.*

Here, a jury verdict and judgment were entered against Sullivan in favor of Vehicle No. 1 on Sullivan's claim for negligence. That judgment established that Vehicle No. 1 was not negligent and, therefore, Sullivan was not "legally entitled to recover" damages from Vehicle No. 1. Sullivan has presented no evidence to create a material issue of fact precluding summary judgment on this claim. Accordingly, summary judgment was properly entered in favor of American Casualty and State Farm.

### *Claim Against Vehicle No. 2*

■ We now address whether American Casualty was entitled to summary judgment on the portion of Sullivan's uninsured motorist claim relating to Vehicle No. 2's participation in the automobile collision. The Court of Appeals concluded that because of the loan receipt agreement and satisfaction of the agreed judgment between Sullivan and Vehicle No. 2, Sullivan was no longer "legally entitled to recover" from Vehicle No. 2 and thus was precluded from obtaining uninsured motorist benefits. However, the Court of Appeals determined that American Casualty had, in correspondence with Sullivan, effectively waived its right to assert the loan receipt and satisfaction of judgment as a bar to Sullivan's claim. We need not address whether such a waiver took place because the undisputed facts demonstrate that Vehicle No. 2 was not negligent and, therefore, Sullivan could not be legally entitled to recover with respect to Vehicle No. 2.

Although we agree with Sullivan that summary judgment in a negligence action may be uncommon, it is not unknown. *See, e.g., Webb v. Jarvis*, (1991), Ind., 575 N.E.2d 992. Summary judgment in a negligence action is no more or less appropriate than in any other type of action so long as the standard for granting it has been met, and may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Hayes v. Second Nat'l. Bank of Richmond* (1978), 176 Ind.App. 299, 302, 375 N.E.2d 647, 650.

Sullivan argues that because there was evidence that Vehicle No. 2 had difficulty bringing his vehicle to a stop behind Sullivan's before Vehicle No. 2 was struck by Vehicle No. 1, there is a question of fact as to whether Vehicle No. 2 contributed to causing the accident. We find this argument unpersuasive. The undisputed facts reveal that Vehicle No. 2's car had come to a complete stop behind Sullivan's automobile for some period of time before Vehicle No. 2 was hit by Vehicle No. 1 and propelled into the rear of Sullivan's automobile. We fail to see how Vehicle No. 2 could possibly be a proximate cause of the accident. The uncontested facts of this case demonstrate that Vehicle No. 2 was not a negligent actor, but rather a mere condition which led to the accident. Such is not sufficient to constitute proximate cause in a suit for negligence. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 158. The trial court's entry of summary judgment in favor of American Casualty was proper.

### *Punitive Damages*

■ As Sullivan acknowledges, compensatory damages are a prerequisite to an award of punitive damages. *Indiana & Mich. Elec. Co. v. Terre Haute Indus., Inc.* (1987), Ind.App., 507 N.E.2d 588, 610. Because summary judgment was properly entered in favor of American Casualty on Sullivan's claims for compensatory damages, American Casualty is entitled to summary judgment on Sullivan's claim for punitive damages.

*Conclusion*

Accordingly, we grant transfer, vacate the decision of the Court of Appeals, and affirm the entry of summary judgment in favor of American Casualty and State Farm.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents, without opinion.