**Harvey WHITE and Carolyn White, Appellants, (Plaintiffs Below),**

v.

**ALLSTATE INSURANCE COMPANY, Appellee (Defendant Below).**

No. 43S03–9212–CV–1023.

Supreme Court of Indiana.

Dec. 22, 1992.

Robert W. Miller, Miller & Miller, Elkhart, for appellants.

Robert G. Devetski, Robert J. Konopa, Butler Simeri Konopa & Laderer, South Bend, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

This case concerns the defensive use of collateral estoppel in uninsured motorist litigation. Harvey and Carolyn White (Plaintiffs–Appellants below) seek transfer after the Court of Appeals affirmed the summary judgment granted against them and in favor of Allstate Insurance Company (Defendant–Appellee below) ("Allstate"). *White v. Allstate Ins. Co.* (1992), Ind.App., 591 N.E.2d 586. The dispositive issue is whether the Whites are collaterally estopped from relitigating the issue of a hit-and-run automobile. We hold that defensive use of collateral estoppel was proper and that the Whites are precluded from relitigating the issue of a hit-and-run automobile.

The facts relative to this appeal follow. On December 4, 1988, Harvey White, while driving an automobile owned by his employer, was involved in an automobile acci-

dent in which he suffered personal injury. The Whites claimed that a hit-and-run automobile had collided with the automobile Harvey White was driving. His employer had automobile insurance coverage through Cigna Property & Casualty Companies ("Cigna"). At the same time, the Whites had personal automobile insurance with Allstate. Cigna and Allstate each provided coverage for hit-and-run accidents pursuant to uninsured motorist coverage contained in the policies. Under each policy, the uninsured motorist coverage required actual physical contact between the hit-and-run automobile and the insured automobile.

On May 11, 1990, the Whites filed a complaint against Cigna in state court. The case was transferred to the United States District Court for the Northern District of Indiana upon Cigna's motion, based on diversity of citizenship and the amount in controversy exceeding $50,000.

Following a bench trial of the action against Cigna, the District Court in March 1991 found in favor of Cigna and determined that there was no hit-and-run automobile. The court, in announcing the verdict, made findings of fact and conclusions of law and thoroughly discussed the evidence presented to the court.

Meanwhile, the Whites notified Allstate on May 23, 1990, that their damages exceeded the $60,000 coverage maximum of Cigna. At this time, the Whites advised Allstate that they were making a conditional claim under Allstate's uninsured motorist coverage for an additional $40,000. The Whites, in a subsequent letter, notified Allstate that they would seek the full uninsured coverage amount of $100,000 under the Allstate policy because the injuries sustained "are in excess of $160,000." Additionally, this letter informed Allstate that the District Court had set the Cigna action for trial on March 4, 1991, and ordered that any party to be added to the Cigna action must be added by September 4, 1990.

The Whites did not add Allstate as a party to the action against Cigna, nor did Allstate intervene. Because the Whites were not satisfied with Allstate's response, they filed a separate action against Allstate in state court on September 12, 1990, and, as in the action against Cigna, alleged that a hit-and-run vehicle struck the White vehicle on December 4, 1988.

In July 1991, Allstate moved for summary judgment arguing that the Whites were precluded from relitigating the issue of the existence of a hit-and-run automobile. The trial court granted Allstate's motion.

In view of *Sullivan v. American Casualty Co.* (1992), Ind., 605 N.E.2d 134, we now grant transfer. In *Sullivan,* we rejected the requirement of mutuality of estoppel and identity of parties as prerequisites to the defensive use of collateral estoppel. 605 N.E.2d at 137. We held that in determining whether the defensive use of collateral estoppel is appropriate, a court is to consider whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel. 605 N.E.2d at 138. Applying this holding in *Sullivan,* we concluded that the insurance company could properly use collateral estoppel to prevent Sullivan from relitigating a negligence issue. *Id.* Sullivan originally brought a negligence suit against the driver of an automobile involved in an accident in which Sullivan, while driving his employer's vehicle, sustained personal injury. In that action, a jury returned a verdict in favor of the defendant, which was affirmed on appeal. Sullivan then filed an action against his insurance company and his employer's insurance company under the uninsured motorist coverage. In determining that the insurance companies properly asserted collateral estoppel on the issue of negligence and that summary judgment was appropriate, we found that the issue in both cases was identical, that Sullivan had a full and fair opportunity to prosecute the original negligence claim, and that Sullivan should not be given a second opportunity to prove his negligence claim. *Sullivan,* 605 N.E.2d 139.

■ Here, the Whites chose to proceed against Cigna first. The Whites sued Cigna under the uninsured motorist coverage alleging that a hit-and-run automobile had struck the Whites' vehicle. The verdict in favor of Cigna necessarily means that the Whites failed to prove one or more of the required elements. Consequently, Cigna was not liable to White under the uninsured motorist coverage of the insurance policy. The issue decided in the action against Cigna, whether a hit-and-run automobile struck the Whites' vehicle on December 4, 1988, is identical to the one presented in the Whites suit against Allstate. Equally clear is the fact that the Whites were given a full and fair opportunity to prosecute the claim against Cigna. The judgment in the Cigna action was a final judgment on the merits against the Whites. We find no reason why the Whites should be allowed to have another opportunity to prove the existence of a hit-and-run automobile.

The Whites assert that collateral estoppel is inappropriate because the safeguards stated in *Blonder–Tongue Labs, Inc. v. Univ. of Ill. Foundation* (1971), 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, have not been satisfied. Specifically, the Whites argue that they did not have a choice of forum, that the incentive to litigate against Cigna was not as great as to litigate against Allstate, and that a sense of justice and equity is not served by applying collateral estoppel.

First, the Whites assert that they did not have a choice of forum because Cigna had the case removed to federal court. Although the case was removed to federal court, state law was applied to the facts. The Whites have failed to show that they were harmed.

The Whites argue that the incentive to litigate against Cigna was less because they knew that they could recover under Allstate's policy if they recovered little or nothing under the Cigna policy. It is difficult to conceive of a situation where an attorney would not attempt to gain a favorable outcome in a litigation which could benefit his client. If the attorney were not going to use his best effort to attain a favorable result upon the belief that greater relief may be obtained from another, then the attorney should consider whether the first action is a frivolous claim. Furthermore, a favorable result in the first litigation may have assisted the attorney in the second action and may have promoted a settlement.

Finally, White asserts that the combination of non-choice of original forum, less incentive to sue Cigna, and Allstate's failure to intervene lead to the conclusion that justice and equity require that collateral estoppel is improper. The Whites argue that Allstate had knowledge of the action with Cigna, chose to do nothing, and should not be able to benefit from its inaction. Just as Allstate could have intervened, the Whites could have added Allstate as another defendant in the original action. Each side chose a strategy which they believed would bring them the most favorable result. As each side selected their strategy, they took the chance that later their strategy would not bring the desired result. The Whites chose to sue Allstate and Cigna separately. In the action against Cigna, the Whites were given a full and fair opportunity to litigate the liability issue. The Whites had their day in court and may not relitigate the same issue against a new defendant. In short, preventing the Whites from relitigating the issue of liability is a just and equitable solution.

This case was resolved in the trial court by summary judgment. Summary judgment is appropriate only if the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) show "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." T.R. 56(C). Once the movant shows entitlement to summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E).

■ Recently, we stated the standard for reviewing the propriety of summary judgment on appeal. We said that summary judgment, like all trial court judgments, is clothed with the presumption of

validity. *Dept. of Rev. v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. The reviewing court faces the same issues that were before the trial court and follows the same process. *Id.* The party appealing from the grant of summary judgment has the burden of persuading the appellate tribunal that the grant of summary judgment was erroneous. *Id.* The trial court's determination is "carefully scrutinized to assure that the non-prevailing party is not improperly prevented from having his day in court." *Id.*

Here, a bench trial resulted in a judgment against the Whites and in favor of Cigna on the Whites' claim for insurance coverage. That judgment established that Cigna was not liable to the Whites because the court found that there was no hit-and-run automobile and, therefore, the Whites were not entitled to recover damages from Cigna. On their claim against Allstate, the Whites have presented no evidence to create a genuine issue of material fact precluding summary judgment. Accordingly, summary judgment was properly entered in favor of Allstate.

We now grant transfer, vacate the decision of the Court of Appeals, and affirm the entry of summary judgment in favor of Allstate.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents, with separate opinion.

DeBRULER, Justice, dissenting.

I would not permit the defendant-appellee insurance company to employ an estoppel against the plaintiffs-appellants in this case for several reasons:

1. The plaintiffs did not choose to have their claims against CIGNA litigated in federal court, but were forced out of their chosen state court in Elkhart County by CIGNA.

2. The plaintiffs' claims against Allstate are based upon separate and distinct contracts for which separate consideration was provided.

3. The common law and state law pronouncing duty of Indiana courts will be diminished if we do not maintain mutuality of estoppel where the first court to speak on an issue is a federal court.

In addition to the above, I would not order summary judgment for Allstate affirmed were I to agree with the reasoning of the majority opinion, but would instead remand to permit plaintiffs an opportunity to show that the defense of collateral estoppel should not be applied in their case. While Allstate's motion for summary judgment laid an estoppel claim, the law in Indiana at the time did not support that estoppel claim. Plaintiffs properly relied upon such law in making a defense to the motion for summary judgment and were not pressed to investigate and support rational procedural or factual reasons for rejecting the motion for summary judgment.