Darla K. MALOTT, Appellant–Plaintiff,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee–Defendant.

No. 45A03–0301–CV–16.

Court of Appeals of Indiana.

Nov. 21, 2003.

Nathaniel Ruff, Merrillville, IN, Attor-
ney for Appellant.

Garrett V. Conover, Kopka Pinkus &
Dolin, P.C., Crown Point, IN, Attorney for
Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Darla Malott appeals the amount of a
judgment entered in her favor in an action
against her uninsured motorist carrier,
State Farm Mutual Automobile Insurance
Company ("State Farm"). We affirm.

## Issue

The sole issue is whether the trial court erroneously instructed the jury on contract as well as tort liability principles.

## Facts

On January 30, 1997, Malott was injured when the vehicle she was driving collided with a vehicle driven by John McGrath. McGrath, who undisputedly was 100% at fault for the accident, was uninsured at the time and later declared bankruptcy. Malott sued McGrath and subsequently added her automobile insurer, State Farm, as a party defendant, seeking to recover under the uninsured motorist ("UM") provision of her policy. The UM limit of the policy was $100,000. State Farm paid slightly over $26,000 in medical bills for Malott and did not believe, contrary to Malott's position, that she suffered any damages from the accident beyond that amount.

A jury trial was held in November 2002 to determine the extent of the injuries and amount of damages Malott had suffered in the accident. Although McGrath was never formally dismissed from the case, he did not appear or participate in the trial. Malott advanced no claim of bad faith against State Farm at trial. At the conclusion of evidence, the parties tendered proposed final instructions. At State Farm's request and over Malott's objections, the trial court instructed the jury that Malott had to prove that State Farm breached its contract with Malott, resulting in damages to her, and that it could not award damages against State Farm in excess of the UM policy limit of $100,000. The jury returned with a verdict in favor of Malott and against State Farm only in the amount of $14,000, which was in addition to the $26,000 State Farm had already paid. Judgment was entered accordingly and

Malott now appeals the amount of the judgment.[1]

## Analysis

■ Malott argues the trial court committed reversible error in giving the following jury instructions over her objection:

In order for the Plaintiff to recover from the Defendant, the Plaintiff must prove the following elements: Number one, that the Plaintiff and Defendant entered into a contract. Number two, that the Plaintiff performed her part of the contract. Number three, that Defendant failed to perform it's [sic] part of the contract. And number four, that the Defendant's breach of contract damaged the Plaintiff.

\* \* \* \* \*

If you find that the Defendant, State Farm, has breached the contract providing uninsured motorist benefits, the measure of the Plaintiff's damages is the sum that would put the Plaintiff in the same position she would have been in had the contract been fulfilled. The party injured by the breach may only recover the loss actually suffered and should not be placed in a better position than before the breach. In this case, Darla Malott was the beneficiary of a contract with State Farm that provided maximum uninsured motorist benefits of not more than one hundred thousand dollars per person.

As a matter of law, the amount of recoverable damages, if any, cannot exceed the limits provided for in the insurance policy in effect at the time of the accident.

In a claim for breach of contract, a party may recover only those damages that are the natural and proximate consequence of the breach, and those rea-

---

1. No separate verdict or judgment was entered against McGrath.

sonably anticipated by the parties when they entered into the contract.

App. pp. 15, 18–19. The essence of Malott's argument is that it was wrong to instruct the jury on contract liability principles in a trial whose main focus was the extent of her injuries and amount of damages she suffered as a result of McGrath's negligence.

■ A claim of error based on the giving of certain instructions is reviewed for an abuse of discretion. *Aldana v. School City of East Chicago,* 769 N.E.2d 1201, 1209 (Ind.Ct.App.2002), *trans. denied.* "An instruction given to the jury must be a correct statement of the law, be applicable to the evidence adduced at trial, and be relevant to the issues the jury must decide in reaching its verdict." *Id.* "Each party to an action is entitled to have the jury instructed upon his particular theory of the case." *Id.* at 1210. Additionally, jury instructions must not be considered individually, but as a whole. *Id.* at 1211. Parties seeking a new trial on the basis of an improper jury instruction must show a reasonable probability that their substantial rights have been adversely affected. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 944 (Ind.2001).

■ State Farm's position at trial was that it did not breach its contract with Malott to provide UM coverage because it paid all it was required to pay when it paid $26,000 in Malott's medical bills. Malott claimed she suffered damages from the accident well above that amount, including additional medical bills, lost wages, and continuing pain and suffering, resulting from McGrath's negligence. Thus, as with all UM insurance recovery cases, this case was a hybrid between a contract case and a tort case. Technically, it was an action to recover for a breach of contract, but in order to do so, Malott was required to demonstrate McGrath's negligence and a causal link from the accident to her claimed damages and that those damages exceeded the amount State Farm had already paid. *See Sullivan v. American Cas. Co.,* 605 N.E.2d 134, 139 (Ind.1992) (noting that insured may sue insurer directly to recover UM benefits if all policy requirements have been fulfilled and insured establishes the uninsured party's negligence); *cf. also Brady v. Allstate Indem. Co.,* 788 N.E.2d 916, 922 (quoting *Johnston v. State Farm Mut. Auto. Ins. Co.,* 667 N.E.2d 802, 806 (Ind.Ct.App. 1996), *trans. denied* ) (addressing underinsured motorist coverage). In other words, in the present case the jury was required first to assess the damages Malott suffered in the accident in accordance with tort law principles, and then it was required to compare this amount with the amount State Farm had actually paid and determine, under contract law principles, whether State Farm breached its contractual obligation to pay UM benefits.[2]

In *Allstate Ins. Co. v. Hammond,* 759 N.E.2d 1162, 1167 (Ind.Ct.App.2001), we held:

in a first-party action by an insured to collect uninsured motorist benefits from his or her insurer, the amount of recoverable damages cannot exceed the limits provided for in the insurance policy in effect at the time of the accident, in the absence of any claim or evidence that the insurer breached its duty of good faith and fair dealing to its insured.

We reversed the trial court's denial of the insurer's motion to correct error, which had sought to reduce the jury's verdict

---

**2.** There was no dispute in this case that Malott otherwise met the requirements for coverage under the State Farm policy.

against it from $160,000 to $51,000, or the policy's UM limit. *Id.* at 1169. We also held the trial court had erred by instructing the jury that it could award damages against the insurer without regard to the policy limits and concluded that such was error was prejudicial, because "a proper instruction on the permissible amount of damages would surely have resulted in a verdict not exceeding the stipulated policy limit of $51,000." *Id.* at 1170.

■ As the trial court concluded, *Hammond* directly controls this case. Here, there was no claim or evidence presented that State Farm engaged in bad faith or unfair dealing in its negotiations with Malott, which was also the case in *Hammond.* Rather, it was for all intents and purposes a direct first-party breach of contract action between Malott and State Farm, with the tortfeasor McGrath nominally a party in the case but not participating due to his bankruptcy. Therefore, State Farm could not be held liable to Malott in excess of its policy limits, and the jury was correctly advised to that effect. Additionally, because this was indeed a breach of contract case, we perceive no abuse of discretion in instructing the jury on general principles of contract law. The challenged instructions were correct statements of the law, applicable to the evidence, and relevant to issues that needed to be decided.

■ To the extent the jury was also required to assess whether State Farm breached its contract with Malott by first calculating the total amount of her damages in accordance with tort law principles, the jury was given instructions on how to do so. It was informed that State Farm agreed that McGrath was 100% at fault for the accident and it was not to assign any fault to Malott when calculating her damages. It was also instructed, "your sole duty in this case is to determine the amount of damages caused to Darla Malott as a result of the accident." App. p. 18. Finally, it was instructed as follows:

> In determining the amount of Plaintiff's damages, you shall consider the following. Number one, the nature and extent of the Plaintiff's injuries. Number two, whether the injuries are temporary or permanent. Number three, the effect of the injuries on the Plaintiff's ability to function as a whole person. Number four, the physical pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries. And number five, the reasonable expenses of necessary medical care, treatment and service.

*Id.* We conclude the jury was adequately advised on how to calculate the damages Malott suffered as a result of the accident in accordance with tort law principles. Considering the jury instructions as a whole and not in isolation, the jury was given all of the guidance necessary to assess Malott's damages and whether she was entitled to recover additional amounts under the UM provisions of her policy with State Farm. There was no abuse of discretion in the manner in which the trial court instructed the jury.

### Conclusion

The trial court did not abuse its discretion in instructing the jury. We affirm.

Affirmed.

DARDEN, J., concurs.

MAY, J., concurs with separate opinion.

MAY, Judge, concurring with separate opinion.

I agree that the judgment for Malott, while quite low for an injury of this nature, was supported by the evidence and therefore may properly be affirmed. However, I write separately to express my reservations about instructing juries on contract

law principles in cases such as the one before us. Such instructions are, at best, confusing and not helpful to jurors. At worst, they can contribute to improper verdicts and damage awards.

It is well established that damages in an action brought under a UM provision are to be determined under tort, and not contract, principles. An instruction like the one in the case before us—*i.e.*, that the jury must, in order for the plaintiff to recover, find the plaintiff was damaged by the "Defendant's breach of contract" (App. at 15) is thus inherently confusing and misleading. An insured may sue an uninsured tortfeasor or proceed directly against his insurance carrier, "but in either case must establish that the tortfeasor was *answerable in negligence* to him." *Sullivan v. American Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 139 (Ind.1992) (emphasis supplied).

The underlying purpose of UM coverage is to give the insured the recovery he or she would have received if the uninsured motorist had maintained an adequate policy of liability insurance. *Corr v. American Family Ins.*, 767 N.E.2d 535, 540 (Ind. 2002). In essence, uninsured motorist insurance acts to pay the damages owed by the uninsured driver. Therefore, damages are *determined* by the tort liability of the uninsured driver; the contract between the UM policyholder and the insurer is relevant only to the extent it *limits* the damages.

In a suit against an insurer by an insured claiming a right to coverage under an uninsured motorist provision, the insured must prove that he is legally entitled to recover damages *from the owner or operator* of an uninsured motor vehicle. *Michael v. Wolfe*, 737 N.E.2d 820, 822 (Ind.Ct.App.2000). Generally, this means that the insured must establish 1) the fault of the tortfeasor, 2) the fact that there is no insurance policy covering the motorist or motor vehicle, and 3) resulting damages. *Id.*

An instruction is properly rejected if it would tend to mislead or confuse the jury. *Wallace v. Rosen*, 765 N.E.2d 192, 196 (Ind.Ct.App.2002). A contract instruction in a case where damages are to be determined solely by tort principles can have no effect but to confuse or mislead the jury, and is therefore inappropriate.

However, I concur in the result the majority reaches in the case before us because the record reflects that in addition to its instruction on contract damages, the trial court instructed the jury that in determining Malott's damages, it was to consider the nature and extent of her injuries, her medical expenses, pain and suffering, and other factors properly taken into account in a negligence action. I further note that the jury had evidence before it that many of Malott's medical problems were not the result of the accident but instead arose out of a pre-existing injury. It therefore could reasonably have found, applying a proper tort standard, that her damages were only $14,000.

Had these additional tort damage instructions not been given, and had the jury not had evidence before it indicating Malott's medical problems were not related to the accident, I believe the instruction on contract liability principles might have been reversible error.