**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 07 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM H. WALDEN**
Munster, Indiana

ATTORNEYS FOR APPELLEE:

**PATRICK P. DEVINE**
**SCOTT B. COCKRUM**
**NATHAN D. HANSEN**
Hinshaw & Culbertson LLP
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS DUDLEY AND BARBARA DUDLEY, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  46A03-1204-PL-147 |
| | ) | |
| THE ESTATE OF EARL STUDTMANN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Richard R. Stalbrink, Jr., Judge
Cause No. 46D02-1106-PL-072

**November 7, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellants-plaintiffs Thomas and Barbara Dudley (the Dudleys) appeal from the trial court's order granting summary judgment in favor of appellee-defendant, the Estate of Earl Studtmann (the Estate). More particularly, the Dudleys argue that the trial court erred by concluding that collateral estoppel arising from previous contract litigation against an insurance company barred their claim for damages for legal malpractice against the Estate.

The Estate cross-appeals, asking that this Court strike the Dudleys' reply to the Estate's response to the Dudleys' motion for summary judgment and contending that because the Dudleys' attorney was disqualified, his affidavit should be stricken.

Concluding that the trial court erred by entering summary judgment for the Estate and finding the Estate's cross-appeal unavailing, we reverse and remand for further proceedings.

## FACTS

### The Underlying Contract Litigation

On January 10, 2002, the Dudleys' Chesterton home was damaged by a fire. Within several months of the loss, the Dudleys retained attorney Earl Studtmann[1] to pursue a breach of contract claim against their homeowner's insurer, Meridian Insurance Company (Meridian), after Meridian denied payment on their personal property claims.

---

[1] Although the Dudleys hired Studtmann as their counsel, he used other counsel throughout the representation, including Crystal Sharp Bauer, whose appearance was entered on June 25, 2007. Appellant's App. p. 38.

2

Studtmann received several copies of the Dudleys' insurance policy within months of the loss.

In June 2002, Studtmann filed the first complaint against Midwest Construction Company alleging, in part, breach of contract and negligence; on September 5, 2002, Studtmann filed the second complaint against Horizon Carpet Restoration alleging breach of contract and negligence; and on December 2, 2003, Studtmann filed the third complaint against Meridian alleging breach of contract and requested punitive damages. Studtmann represented the Dudleys from Spring 2002 until 2010, when he became ill, and successor counsel had to be retained.

On August 2, 2010, Attorney Kevin W. Marshall entered his appearance on behalf of the Dudleys and requested a hearing. Marshall attended the October 12, 2010 status hearing where he discovered that the court was prepared to dismiss the case, but instead, placed strict conditions on the eight-year pending litigation, including the inability to name new witnesses or exhibits. That order resulted in renewed motions to dismiss by Meridian, which the trial court denied on April 7, 2011.

A jury trial commenced on May 9, 2011. During the trial, an inventory of damage was presented, which included the Dudleys' possessions that could and could not be cleaned.

On May 10, 2011, the trial court entered judgment for Meridian on a motion for a directed verdict based on the Dudleys' failure to file the complaint within the one-year

provision contained in the insurance contract and their inability to designate the damages at trial that resulted from the fire, smoke, and water.

Proceedings in the Legal Malpractice Suit

After receiving the trial court's minutes containing the reasons for the judgment on the evidence, the Dudleys filed their complaint against Studtmann for attorney negligence on June 13, 2011. Among other things, the Dudleys alleged that Studtmann filed the complaint against Meridian "beyond the one (1) year policy requirement required by the contractual statute of limitations time period." Appellant's App. p. 2. Additionally, the Dudleys alleged that the "damages are liquidated in that they include only the personal property damage loss in the amount of $124,500.00 plus 27.30 per day since January 10, 2002." Id.

On July 29, 2011, Studtmann moved to disqualify Marshall as counsel for the Dudleys under Indiana Professional Conduct Rule 3.7,[2] arguing that Marshall had been named as a non-party and that he was a material witness to the underlying litigation. The trial court granted this motion.

On August 15, 2011, Marshall moved to reconsider the trial court's order disqualifying him, and Studtmann filed a response on August 29, 2011. On November 10, 2011, while the motion for reconsideration was pending, Studtmann moved for summary judgment, claiming that the Dudleys could not prove damages in this action

---

[2] Indiana Professional Conduct Rule 3.7 provides, in relevant part, that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ."

4

because the trial court had determined in the underlying litigation that the Dudleys had failed to prove that there were any damages caused by the fire.

On November 28, 2011, the trial court denied Marshall's motion to reconsider his disqualification. Marshall filed a motion for extension of time on behalf of the Dudleys to obtain successor counsel, which was granted the same day.

On December 12, 2011, the Estate filed a motion to require the Dudleys to substitute the proper party defendant, or alternatively for dismissal, due to the death of Studtmann on October 18, 2011. The next day, on December 13, 2011, the Estate moved to compel written responses to written discovery requests, and the trial court ordered these motions set for a February 15, 2012 hearing, which was the same date the court had set for a hearing on Studtmann's motion for summary judgment.

On January 30, 2012, the Dudleys, through successor counsel, William Walden, filed a motion for summary judgment, designation of evidence, and a memorandum in support of the motion for summary judgment. Also on January 30, an estate was opened for Studtmann by Marshall as counsel for the personal representative. On February 1, 2012, Walden petitioned the trial court and received an order substituting the Estate as the proper defendant in the lawsuit. Defense counsel appeared on behalf of the Estate on February 8, 2012.

Because LaPorte County did not have a local rule with respect to filing replies to responses to summary judgment motions, on February 8, 2012, the Estate moved for

5

leave to file a reply to the Dudleys' response to the Estate's motion for summary judgment. The trial court granted the Estate leave to file a reply.

One week later, on February 15, 2012, the Estate filed its response to the Dudleys' motion for summary judgment and supporting designation of evidence prior to the trial court's hearing on all pending motions. Counsel for the Estate addressed the trial court and advised that he was prepared to argue both motions for summary judgment.

The Dudleys' counsel did not request leave of court to file a reply to the Estate's response to their motion for summary judgment and made no objection to proceeding with oral argument on the Dudleys' motion for summary judgment. Indeed, counsel argued the merits of the Dudleys' motion but admitted that he had not had "a chance to fully review the response that was provided me this morning, but if the Court wishes, I can file a response to that at a later time." Appellee's App. p. 240.

At the close of the proceedings, the trial court took the matter under advisement and did not request a reply from the Dudleys. Two weeks later, on February 29, 2012, the Dudleys filed a reply to the Estate's response to their motion for summary judgment. Appellant's App. p. 308. In the reply, the Dudleys asserted that they had an expert and that the Estate's argument that "successor counsel failed to bring in additional evidence on damages is contrary to the trial procedure and Court Orders entered soon after counsel's appearance restricting him to no additional witnesses or evidence." Id. at 308-09. Additionally, the Dudleys again alleged that "damages are uncontroverted as liquidated at this time since the inventory already in evidence outlines the property that is

cleanable and the property that is not cleanable, with the only damage amount on the non-cleanable which is in a fixed sum." Id. at 309.

On March 9, 2012, the Estate filed its objection and motion to strike the reply, arguing that that it was not timely filed and that it was inappropriate for Marshall to serve as an expert on behalf of the Dudleys.[3] However, unbeknownst to the Estate, on the same day, the trial court entered its order denying the Dudleys' summary judgment motion and granting the Estate's motion for summary judgment ruling, in part:

> In the present case, the Court finds that [the Dudleys] had a full and fair opportunity to litigate the issue in Porter County and their inability to prove damages in this case renders their legal malpractice claim against [the Estate] insufficient.

Appellant's App. p. 336. The Dudleys now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

The Dudleys argue that the trial court erred by denying their motion for summary judgment while granting the Estate's motion for summary judgment. Summary judgment is appropriate when the designated evidence shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Wagner v. Yates, 912 N.E.2d 805, 808 (Ind. 2009); see also Ind. Trial Rule 56(C).

Nevertheless, the trial court's grant of summary judgment "enters appellate review clothed with a presumption of validity," and the appellant bears the burden of

---

[3] Presumably because the trial court granted the Estate's motion for summary judgment, its motion to strike the Dudleys' reply was not ruled upon.

demonstrating that the trial court erred. Cnty. Council v. Nw. Ind. Reg'l. Dev. Auth., 944 N.E.2d 519, 523-24 (Ind. Ct. App. 2011), trans. denied. We must construe all factual inferences in favor of the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the moving party. Scribner v. Gibbs, 953 N.E.2d 475, 479 (Ind. Ct. App. 2011). The fact that the parties filed cross-motions for summary judgment does not alter the standard of review on appeal. Deckler v. Zengler, 883 N.E.2d 839, 842 (Ind. Ct. App. 2008).

## II. Collateral Estoppel

Initially, we note that for the Dudleys to succeed on their legal malpractice claim against the Estate, they must prove that Studtmann's negligence caused damage to them. See Legacy Healthcare, Inc. v. Barnes & Thornburg, 837 N.E.2d 619, 624 (Ind. Ct. App. 2005) (stating that the elements of attorney malpractice are employment of an attorney, the attorney's failure to exercise ordinary care, and that failure being the proximate cause of damage to the plaintiff).

As stated above, the trial court concluded that the Dudleys had a full and fair opportunity to litigate but failed to prove that there were any damages resulting from their claim against Meridian. Thus, according to the trial court, they are collaterally estopped from arguing that they suffered any damage from Studtmann's negligence. The Dudleys counter that this is inaccurate insofar as Studtmann's negligence, resulting in a nine-year delay, shielded Meridian from liability through a contractual time limitations clause. Additionally, the nine-year delay resulted in the trial court imposing strict requirements,

8

including no additional witnesses, thereby preventing the Dudleys from securing an expert witness to prove damages.

In Sullivan v. American Casualty Co., 605 N.E.2d 134 (Ind. 1992), our Supreme Court formulated the modern rule for the application of collateral estoppel. Eliminating the historical prerequisites of privity and mutuality, the Sullivan Court determined that "the prime consideration is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel." Id. at 138.

In this case, Studtmann filed three separate lawsuits. The claims against Midwest Construction and Horizon Restoration were filed in June 2002 and September 2002 respectively, less than one year after the loss. However, Studtmann failed to file a complaint against Meridian until December 2003, which was twenty-three months after the Dudleys suffered their loss and eleven months after the time limitations imposed upon the Dudleys by contract had ended. This effectively relieved Meridan of liability and consequently, of paying any damages. Thus, we cannot say that the issue of damages was fully and fairly litigated in the trial court during the underlying litigation.

Moreover, perhaps because Studtmann had been ill, by the time Marshall entered his appearance and attended the October 12, 2010 hearing, the trial court was prepared to dismiss the action, which had already been pending for eight years. Instead, the trial court placed strict conditions on the matter, including the inability to name witnesses who had not been previously identified. This new condition prevented Marshall from securing

9

an expert witness, such as a public adjuster, who could have testified to the damages that the Dudleys had sustained in the fire. While it may be that the factfinder ultimately concludes that the Dudleys fail to prove damages, in light of these circumstances, we think it is unfair to permit the use of collateral estoppel. Accordingly, we cannot agree that summary judgment was appropriate in this case and reverse and remand for further proceedings.

### III. Cross-Appeal

### A. Reply to Summary Judgment Response

The Estate cross-appeals, urging this Court to strike the Dudleys' reply to its response to the Dudleys' motion for summary judgment and the supporting affidavits. At the outset, we note that the Estate failed to cite to the parts of the record pertaining to the Dudleys' motion for summary judgment, the Estate's response, or the Dudleys' reply. Consequently, we direct the Estate's attention to Indiana Appellate Rule 22(C).

The Estate concedes that Indiana Trial Rule 56, which governs motions for summary judgment "does not specifically permit or disallow the filing of a reply brief by a movant for summary judgment. Although some Indiana county local rules [permit] the filing of a reply brief, LaPorte County is silent with respect to such a filing." Appellee's Br. p. 14. Therefore, there is no local rule prohibiting such a filing, and this argument is unavailing.

B. Disqualified Attorney Affidavit

Marshall was eventually disqualified by the trial court because he was a material witness, having represented the Dudleys in the underlying litigation. In what seems to be a somewhat paradoxical argument, the Estate argues that Marshall cannot reasonably serve as an expert witness in this matter.

As an initial matter, although the Estate cites Indiana Professional Conduct Rule 1.7[4] in support of its position, Marshall was disqualified under Rule 3.7, and we believe that Rule to be more on point. As stated in footnote two, Rule 3.7 provides, in part, a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ."

Here, after Marshall was disqualified, he filed a motion for extension of time so that the Dudleys could obtain successor counsel, which was granted, and he opened an estate for Studtmann.[5] Although the Estate argues that Marshall's "presence pervades this case" and that "[h]e should never have attempted to represent the Dudleys as their counsel in the legal malpractice case," Appellee's Br. p. 17, we fail to see how Marshall's actions require that his affidavit be stricken. Indeed, we encourage attorneys who have

---

[4] Rule 1.7 provides, in relevant part, that "a lawyer shall not represent a client if the representation involves concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer."

[5] The Estate also directs us to a CCS Entry Form contending that Marshall filed the Dudleys' reply to the Estate's response to the Dudleys' motion for summary judgment. While it appears that Marshall may have filed the reply, it was submitted by successor counsel William H. Walden, Attorney for Plaintiffs. Appellee's App. p. 246.

been disqualified, to minimize the impact of their disqualification on their clients, which is what Marshall did by requesting additional time to seek successor counsel.

Furthermore, as a practical matter, we think it goes too far to say that Marshall was acting as an advocate in the malpractice case when he opened Studtmann's estate. Perhaps most compelling, the fact that Marshall provided an affidavit of his expert opinion regarding Studtmann's negligence is expected and anticipated by the very fact that he was disqualified from acting as the Dudleys' counsel in the malpractice suit, insofar as he was expected to be a witness. Consequently, this argument fails, and we reverse the decision of the trial court and remand for further proceedings.

The judgment of the trial court is reversed and remanded for further proceedings. ROBB, C.J., and BRADFORD, J., concur.